No. 24-3378

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

JOSE RUIZ, individually and on behalf of all others similarly situated,

*Plaintiff-Appellee*,

v.

THE BRADFORD EXCHANGE, LTD., an Illinois Corporation,

*Defendant-Appellant*.

On Appeal from an Order of the United States District Court for the
Southern District of California

Case No. 3:23-cv-1800-WQH-KSC

Honorable William Q. Hayes

## ANSWERING BRIEF OF PLAINTIFF-APPELLEE

James T. Hannink (131747)
jhannink@sdlaw.com
Zach P. Dostart (255071)
zdostart@sdlaw.com
DOSTART HANNINK LLP
4225 Executive Square, Suite 600
La Jolla, California 92037-1484
Telephone: (858) 623-4200

*Attorneys for Plaintiff-Appellee*

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................. 1

II. PROCEDURAL BACKGROUND .................................................. 3

    A. Plaintiff's Complaint ................................................... 3

    B. Removal to Federal Court ............................................. 3

    C. Plaintiff's Motion to Remand ......................................... 3

        1. Overview of federal equitable jurisdiction ................. 4

        2. Federal equitable jurisdiction in diversity cases ......... 5

        3. Remand as a proper procedural response to lack of
federal equitable jurisdiction ............................... 9

    D. Bradford's Opposition ................................................ 14

    E. Plaintiff's Reply ...................................................... 15

    F. Plaintiff's Supplemental Authority ................................. 16

    G. The District Court's Order ........................................... 17

III. STANDARD OF REVIEW ..................................................... 19

IV. BRADFORD DOES NOT CONTEST THE DISTRICT COURT'S
HOLDING THAT IT LACKED EQUITABLE JURISDICTION ............... 19

V. THE DISTRICT COURT WAS CORRECT IN CONCLUDING
THAT REMAND IS A PROPER PROCEDURAL RESPONSE
WHEN EQUITABLE JURISDICTION IS LACKING IN A
REMOVED ACTION ........................................................... 20

    A. When Federal Equitable Jurisdiction Is Lacking, *Sonner* and
*Guzman* Preclude a Federal Court From Adjudicating the
Merits of an Equitable Claim ........................................ 20

    B. When Federal Equitable Jurisdiction Is Lacking in a Removed
Action, Remand Is a Viable Alternative to Dismissal Without
Prejudice .............................................................. 25

i

VI.    BRADFORD'S "WAIVER" ARGUMENT HAS NO MERIT ....................28

    A.    Lack of Equitable Jurisdiction Is a Restriction on the Court, Not a Personal Privilege of a Single Party ..................................................29

    B.    Even If Lack of Equitable Jurisdiction Were a Defendant's Personal Privilege, Bradford Did Not Waive the Objection ..............33

VII.    CONCLUSION..............................................................................35

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. Pullman's Palace Car Co*. (1891)
    139 U.S. 658 ...............................................................................30

*American Mills Co. v. American Surety Co. of N.Y.* (1922)
    260 U.S. 360 ....................................................................31, 32, 33

*Bartling v. Apple Inc. (In re Apple Processor Litig.),*
    2023 U.S. App. LEXIS 24257 (9th Cir. 2023)...........................*passim*

*Bonetti v. TriStruX LLC*, No. 24-cv-01319-LB,
    2024 U.S. Dist. LEXIS 115035 (N.D. Cal. June 27, 2024)...............30

*Carnegie-Mellon Univ. v. Cohill* (1988)
    484 U.S. 343 ...............................................................................27

*Cates v. Allen* (1893)
    149 U.S. 451 ........................................................................*passim*

*Clevenger v. Welch Foods Inc.*, No. SACV 23-00127-CJC,
    2023 U.S. Dist. LEXIS 38305 (C.D. Cal. Mar. 7, 2023) ...........*passim*

*Erie Railroad Co. v. Tompkins* (1938)
    304 U.S. 64 ..................................................................................6

*Grupo Mexicano De Desarrollo v. Alliance Bond Fund* (1999)
    527 U.S. 308 ...............................................................................29

*Guar. Tr. Co. v. York* (1945)
    326 U.S. 99 ............................................................................21, 31

*Guthrie v. Transamerica Life Ins. Co.* (N.D. Cal. 2021)
    561 F. Supp. 3d 869 ..............................................................*passim*

*Guzman v. Polaris Industries Inc.* (9th Cir. 2022)
    49 F.4th 1308 ......................................................................*passim*

*Hecht Co. v. Bowles* (1944)
    321 U.S. 321 ...............................................................................23

*Kamm v. ITEX Corp.* (9th Cir. 2009)
568 F.3d 752 ...................................................................................19

*Morgan v. Rohr, Inc.*, No. 20-cv-574-GPC-AHG,
2023 U.S. Dist. LEXIS 204868 (S.D. Cal. Nov. 15, 2023).............16, 17, 20, 26

*Mullins v. Premier Nutrition Corp.*, No. 3:13-cv-01271-RS
(N.D. Cal. Mar. 21, 2013)) ................................................5, 9, 21, 26

*Pittmon v. CACI Int'l, Inc.*, No. CV 21-02044-CJC
2023 U.S. Dist. LEXIS 213968 (C.D. Cal. Oct. 26, 2023) ...............................26

*Polaris Indus. v. Albright* (2023)
143 S. Ct. 2612 ...................................................................................1

*Quackenbush v. Allstate Ins. Co.* (1996)
517 U.S. 706 ..............................................................................*passim*

*Schlesinger v. Councilman* (1975)
420 U.S. 738 ................................................................................4, 17

*SDLA Courier Serv., Inc. v. Unlimited Capital, LLC*
No. CV 24-07544 TJH, 2024 U.S. Dist. LEXIS 161715
(C.D. Cal. Sept. 6, 2024).............................................................30, 31

*SEC v. Med. Comm. for Human Rights* (1972)
404 U.S. 403 .......................................................................................4

*Sonner v. Premier Nutrition Corp.* (9th Cir. 2020)
971 F.3d 834 ..............................................................................*passim*

*Standard Fire Ins. Co. v. Knowles* (2013)
568 U.S. 588 ................................................................................24, 25

*Twist v. Prairie Oil & Gas Co.* (1927)
274 U.S. 684 ..............................................................................*passim*

**Federal Statutes**

28 U.S.C.
§ 1331...........................................................................................4
§ 1332....................................................................................*passim*
§ 1447..........................................................................................15

**California Statutes**

Cal. Bus. & Prof. Code
    § 17200 et seq. ............................................................*passim*
    § 17534.5.........................................................................6
    § 17535.............................................................................3

Cal. Civ. Code
    § 1750 et seq. ........................................................5, 7, 12

## I.    INTRODUCTION

After finding a lack of federal equitable jurisdiction over the two claims asserted in this action, the district court entered an order remanding the action to state court. Defendant-Appellant The Bradford Exchange, Ltd. ("Bradford") now tries to paint the picture of a district court judge "invent[ing]" new legal doctrines without judicial precedent. That characterization is unfounded.

First, the district court's finding of no equitable jurisdiction is firmly rooted in recent Ninth Circuit precedent. In *Sonner v. Premier Nutrition Corp*., 971 F.3d 834 (9th Cir. 2020), a Ninth Circuit panel held that for a federal court sitting in diversity to adjudicate a state-law equitable claim, the court must have *both* subject matter jurisdiction *and* equitable jurisdiction, and that a federal court does not have equitable jurisdiction absent a plausible allegation that the plaintiff lacks an adequate legal remedy. *Sonner*, 971 F.3d at 839-844. Here, there is subject matter jurisdiction, but there is no allegation that Plaintiff lacks an adequate legal remedy, which means there is no federal equitable jurisdiction. Bradford does even attempt to show any error in that aspect of the district court's order.

Second, the district court's decision to remand has ample support. In *Guzman v. Polaris Industries Inc*., 49 F.4th 1308 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. v. Albright*, 143 S. Ct. 2612 (2023), another Ninth Circuit panel held that because lack of federal equitable jurisdiction speaks only to the

inability of a *federal* court to adjudicate the claim, any disposition by the federal court must allow the claim to be pursued in state court. *Guzman*, 49 F.4th at 1314 (citations omitted). In *Guzman* (as in *Sonner* before it), the initiating complaint was filed in federal court in the first instance, so remand was not possible and the disposition was dismissal without prejudice. In contrast, when a federal court's lack of equitable jurisdiction occurs in the context of a removed action, the Supreme Court has recognized that remand is appropriate; and, aside from the order on appeal here, at least four other district court judges have entered similar remand orders, all well-reasoned, in the post-*Sonner* era.

Third, the district court correctly rejected Bradford's argument that it should be "given the opportunity" to "waive" the lack of equitable jurisdiction. Bradford argues that lack of equitable jurisdiction is analogous to lack of personal jurisdiction. But insofar as waiver is concerned, a lack of equitable jurisdiction is more akin to lack of subject matter jurisdiction: The defect can be raised either by a party or by the court *sua sponte*. Even if a litigant could theoretically waive a lack of equitable jurisdiction, that has not occurred here: Plaintiff raised the issue in an early motion to remand; Bradford's opposition declined to waive anything; and the district court decided the motion based on the record presented. The remand order should be affirmed.

2

## II.    PROCEDURAL BACKGROUND

### A.    Plaintiff's Complaint

Plaintiff's Complaint was filed in California state court on August 28, 2023, alleging two causes of action: false advertising, based on violation of California Business and Professions Code sections 17600 et seq. and 17535 ("FAL"); and unfair competition, based on violation of California Business and Professions Code section 17200 et seq. ("UCL"). ER 91-184. Both causes of action are asserted on behalf of a putative class of California residents and seek restitution for Plaintiff and all putative class members. ER 92. The Complaint does not allege that Plaintiff lacks an adequate legal remedy.

### B.    Removal to Federal Court

On September 28, 2023, Bradford removed the action to the district court on the basis of diversity of citizenship under the Class Action Fairness Act of 2005 ("CAFA"). ER 80-86.

### C.    Plaintiff's Motion to Remand

On October 11, 2023, Plaintiff filed a motion to remand. ER 61-79. The motion to remand explained that both of the asserted causes of action are inherently equitable in nature and provide for only equitable relief. ER 72. The motion further explained that the Complaint does not allege that Plaintiff lacks an adequate remedy at law. *Id*. The gist of the motion was that under the controlling authority of *Sonner* and *Guzman*, these facts establish a lack of federal equitable

3

jurisdiction. *Id*. The motion to remand provided the district court with an overview of equitable jurisdiction (ER 68-69), a discussion of federal equitable jurisdiction in diversity cases (ER 69-72), and a discussion of available procedural responses when a federal court lacks equitable jurisdiction over a state-law claim (ER 72-76). The substance of those sections are set forth below.

### 1. Overview of federal equitable jurisdiction

Federal courts are courts of limited jurisdiction. One familiar limitation, rooted in the Constitution, is that there is no federal jurisdiction if there is no "case or controversy" within the meaning of Article III. *SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972) (citations omitted). Another familiar limitation, rooted in statute, is that there must be subject matter jurisdiction, either "federal question" (28 U.S.C. § 1331) or "diversity" (28 U.S.C. § 1332).

There is yet a further limitation when a claim involves a request for equitable relief. In that circumstance, even if a federal court has subject matter jurisdiction, "[t]here remains the question of equitable jurisdiction." *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975). Equitable jurisdiction is concerned with "whether consistently with the principles governing equitable relief the court may exercise its remedial powers." *Id*. Put another way, equitable jurisdiction concerns "the power to entertain claims and award remedies that are equitable in nature." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 874 (N.D. Cal. 2021)

(citation omitted). The essential limitation is that, before a federal court may entertain a request for equitable relief, the party seeking such relief must establish that there is no adequate remedy at law. *Sonner*, 971 F.3d at 844 (citations omitted); *Guzman*, 49 F.4th at 1312-13.

### 2. Federal equitable jurisdiction in diversity cases

Within the past four years, the Ninth Circuit has considered and applied the requirement for federal equitable jurisdiction in three consumer class actions in which subject matter jurisdiction was based on CAFA.

### (a) *Sonner v. Premier Nutrition* (2020)

*Sonner* involved a consumer class action asserting violation of the UCL and the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA"). *Sonner*, 971 F.3d at 838. Although only California statutes were at issue, the plaintiff had filed the complaint in federal court in the first instance pursuant to the minimal diversity/amount in controversy provisions of CAFA. *Mullins v. Premier Nutrition Corp.*, No. 3:13-cv-01271-RS (N.D. Cal. Mar. 21, 2013), ECF No. 1 (Compl. ¶ 8).

The *Sonner* court described the question before it in the following context. On one hand, "[i]t has long been the province of federal courts sitting in equity to apply a body of federal common law irrespective of state law." *Sonner*, 971 F.3d at 839 (citation omitted). That body of federal common law includes the limitation

that a federal court may grant equitable relief only if the party seeking such relief establishes there is no adequate remedy at law. *Id.* at 844 (citations omitted). On the other hand, under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts exercising diversity jurisdiction must follow state substantive law and federal procedural law when adjudicating state law claims." *Sonner*, 971 F.3d at 839 (citation omitted). Under the *Erie* doctrine, the outcome of a state law claim should be substantially the same regardless of whether it is filed in state or federal court. *Id.* at 841 (citing *Guar. Tr. Co. v. York*, 326 U.S. 99, 109 (1945) ("*York*")).

Those two principles potentially conflict when a state has modified its substantive law so as to eliminate the no-adequate-remedy-at-law requirement for equitable relief. That is what California has done. The California Legislature has specified that the equitable remedies available under the FAL—restitution and injunctive relief—are "cumulative" to remedies available under all other laws of California. *See* Cal. Bus. & Prof. Code § 17534.5. Likewise, the California Legislature has specified that the equitable remedies available under the UCL—restitution and injunctive relief—are "cumulative" to remedies available under all other laws of California. *See* Cal. Bus. & Prof. Code § 17205. Thus, in California, equitable remedies may be awarded for violation of the FAL and UCL without regard to the existence of legal remedies. Therein lies the potential conflict. When a federal court sitting in diversity is presented with a state-law claim that

6

permissibly seeks equitable remedies, but without a showing that legal remedies are inadequate, there is no way for the federal court to *both* conform to traditional federal equitable principles *and* apply the state's substantive law. It must do one or the other.

In *Sonner*, the Ninth Circuit resolved this conflict by holding that federal equitable principles take precedence over state law. "At bottom, '[t]hat a State may authorize its courts to give equitable relief unhampered by' the 'restriction[]' that an adequate remedy at law be unavailable 'cannot remove th[at] fetter[] from the federal courts.'" *Sonner*, 971 F.3d at 843-44 (alterations in original) (quoting *York*, 326 U.S. at 105-06). With respect to the specific context of California consumer-protection statutes, the *Sonner* court held that "the traditional principles governing equitable remedies in federal courts, *including the requisite inadequacy of legal remedies*, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Sonner*, 971 F.3d at 844 (italics added).

### (b) *Guzman v. Polaris Indus*. (2022)

*Guzman* also involved a consumer class action asserting violation of California statutes, including the CLRA, UCL, and FAL. *Guzman*, 49 F.4th at 1310. And, just as in *Sonner*, although only California statutes were at issue, the *Guzman* plaintiffs had filed the complaint in federal court in the first instance pursuant to CAFA, thus invoking the federal court's diversity jurisdiction.

*Guzman*, 49 F.4th at 1311 ("The district court had jurisdiction pursuant to the *Class Action Fairness Act of 2005*, 28 U.S.C. § 1332(d)(2)."). After the case was eventually whittled down to the UCL claim, the district court granted the defendant's motion for summary judgment.

In an ensuing appeal, the Ninth Circuit held that the district court lacked equitable jurisdiction over the UCL claim and therefore could not adjudicate it. *Guzman*, 49 F.4th at 1314 ("[e]quitable jurisdiction is distinct from subject matter jurisdiction, although *both are required for a federal court to hear the merits of an equitable claim*") (italics added). As a result of the lack of equitable jurisdiction, the district court should not have entertained a motion for summary judgment. *Id*. Instead, the district court should have dismissed the action, without prejudice, so that the UCL claim could be pursued in state court. *Id.* at 1314-15.

### (c)    *Bartling v. Apple Inc*. (2023)

One year later, in an unpublished decision, another Ninth Circuit panel applied *Sonner* and *Guzman*, reiterating that in federal court a plaintiff is "obligated to allege that [plaintiff] ha[s] no adequate legal remedy in order to state a claim for equitable relief." *Bartling v. Apple Inc. (In re Apple Processor Litig.)*, 2023 U.S. App. LEXIS 24257, at *5-6 (9th Cir. Sept. 13, 2023). Because the plaintiffs failed to make that allegation, the *Bartling* court affirmed dismissal of the equitable claims. *Id*. at *6.

8

### 3. Remand as a proper procedural response to lack of federal equitable jurisdiction

Plaintiff's motion to remand explained that given the lack of federal equitable jurisdiction, the only remaining question was whether the next procedural step should be dismissal without prejudice or remand. Plaintiff pointed out that in *Guzman*, where the Ninth Circuit held the district court should have entered dismissal without prejudice, there was no possibility of remand because that case was filed in federal court in the first instance. *See Guzman v. Polaris Indus. Inc.*, No. 8:19-cv-01543-FLA-KES (C.D. Cal. Aug. 8, 2019), ECF No. 1 (Compl. ¶ 15). Accordingly, the Ninth Circuit explained that dismissal in that case would be "without prejudice to refiling the same claim in state court." *Guzman*, 49 F.4th at 1314 (citations omitted).

Here, in contrast, the Complaint was initially filed in state court, and the action was subsequently removed based on CAFA. At the time Plaintiff's motion to remand was briefed, three different district judges in California had entered orders explaining why remand is appropriate in these circumstances.

#### (a) *Guthrie v. Transamerica Life Ins. Co.*

*Guthrie* was the first case post-*Sonner* to address the issue of whether a district court can remand a removed action over which it does not have equitable jurisdiction. In *Guthrie*, the plaintiffs filed a lawsuit in state court alleging only a UCL claim and seeking only equitable relief. *Guthrie*, 561 F. Supp. 3d at 872. The

defendant removed the action to federal court based on CAFA, after which the plaintiffs moved to remand on the ground that the federal court lacked equitable jurisdiction under *Sonner*. After discussing the nature of federal equitable jurisdiction (*id.* at 873-74), and after determining that equitable jurisdiction was lacking in this context (*id.* at 874-77), the district court turned to a discussion of whether the next procedural step would be dismissal or remand.

The *Guthrie* court (District Judge William H. Orrick) concluded that remand is proper in this circumstance based on several decisions of the U.S. Supreme Court. *Id.* at 877-80. In *Cates v. Allen*, 149 U.S. 451 (1893), the action—seeking only equitable relief—was removed from Mississippi state court to federal court based on diversity of citizenship. *Id.* at 459. The district court thereafter entered a series of orders, which were eventually the subject of an appeal. The Supreme Court held there was no equitable jurisdiction and directed the district court to remand the action to the state court. *Id.* at 460-61. In *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684 (1927), the Supreme Court reiterated the holding in *Cates* that, if a removed action is "beyond the equitable jurisdiction of the federal court" but the relief could be granted by a state court, remand should follow. *Id.* at 690 (citations omitted). The *Guthrie* court also explained that remand in this context is supported by *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), in which the Supreme Court held that federal courts can remand a removed case when a federal

abstention doctrine would require the case to be dismissed or stayed if it had been filed in federal court originally. *Id.* at 717-18. The *Guthrie* court explained that abstention doctrines, which "originally stemmed from the authority of a federal court to decline to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity," are related to the boundaries of equitable jurisdiction. *Guthrie*, 561 F. Supp. 3d at 878-79 (internal quotation marks and citation omitted). *Guzman* likewise recognized the relationship between abstention principles and equitable jurisdiction, explaining that the withholding of relief by a federal court does not in any way affect the ability of a state court to grant relief on the merits. *Guzman*, 49 F.4th at 1314-15.

The *Guthrie* court found that in the circumstances before it, remand made the most practical sense because (1) a dismissal for lack of equitable jurisdiction is not a dismissal on the merits in any event, and therefore the equitable claim could simply be refiled in state court; and (2) remand eliminates the risk that the case could become stuck in a "perpetual loop" consisting of a filing in state court, followed by removal based on diversity of citizenship/CAFA, and then dismissal by the federal court for lack of equitable jurisdiction, which cycle could then repeat. *Guthrie*, 561 F. Supp. 3d at 880. "Neither law nor logic requires that result, and precedent suggests the contrary approach." *Id.*

**(b)** *Clevenger v. Welch Foods Inc.*

The "perpetual loop" foreshadowed in *Guthrie* is not a mere hypothetical; it has been tried by at least one defendant. In *Clevenger v. Welch Foods Inc.*, No. SACV 23-00127-CJC (JDEx), 2023 U.S. Dist. LEXIS 38305 (C.D. Cal. Mar. 7, 2023), the plaintiffs had previously filed an action in state court alleging violation of the UCL (seeking restitution and injunctive relief) and the CLRA (seeking money damages). *Clevenger*, 2023 U.S. Dist. LEXIS 38305, at *2. The defendant had removed that prior action to federal court, where the UCL claim was dismissed without prejudice for lack of equitable jurisdiction. *Id.* at *2. After the plaintiffs refiled the UCL claim in a new state court action, the defendants removed that new state court case to federal court under CAFA and then filed a motion to dismiss. In response, the plaintiffs filed a motion to remand. *Id.* at *3.

In granting the motion to remand, the *Clevenger* court (District Judge Cormac J. Carney) rejected the defendant's argument that the existence of subject matter jurisdiction under CAFA precluded remand. The court held instead that the absence of equitable jurisdiction is a proper basis to remand an action to state court. *Clevenger*, 2023 U.S. Dist. LEXIS 38305, at *6-10 (citing *Cates*, *Twist*, *Quackenbush*, and *Guthrie*). The *Clevenger* court characterized as "gamesmanship" the defendant's strategy of removing a case "knowing full-well that this Court lacked jurisdiction to adjudicate the claims that Plaintiffs asserted,"

12

then turning around and seeking dismissal based on that very lack of jurisdiction. *Id.* at *13. The court explained that whereas a lack of equitable jurisdiction can result in dismissal of equitable claims when they are joined with other claims over which the district court continues to have jurisdiction, the situation is different when there are no other claims, i.e., when the lack of equitable jurisdiction means there is nothing for the district court to adjudicate. In that situation, remand is appropriate. *Id.* at *13 n.4.

### (c) *Granato v. Apple Inc.*

In the same procedural context (a removed action with subject matter jurisdiction under CAFA, no equitable jurisdiction, and no non-equitable claims to be adjudicated), District Judge Edward J. Davila endorsed the analysis of *Guthrie* and *Clevenger*. *Granato v. Apple Inc.*, No. 5:22-cv-02316-EJD, 2023 U.S. Dist. LEXIS 124318, at *11-17 (N.D. Cal. July 19, 2023). Judge Davila concluded that remand was preferred to dismissal because of (1) the "delicate balance in the federal-state relationship" (as discussed in both *Sonner* and *Guzman*) and (2) the interests of judicial economy and administration. *Id.* at *12-16.

* * *

Plaintiff's motion to remand further explained that the policy and practical considerations discussed in *Guthrie*, *Clevenger*, and *Granato* have additional cogency in the instant case because remand would preserve the filing date of the

initial state-court complaint. If this action were dismissed and a new action filed in state court, Bradford would likely contend that the new action must be subject to a new (i.e., shortened) limitations period. That could lead to the unintended and entirely avoidable effect of forfeiting the rights of some class members whose claims are at the cusp of the current limitations period. Principles of federalism, comity, judicial economy, and fundamental fairness counsel against that result. *Clevenger*, 2023 U.S. Dist. LEXIS 38305, at *13 (principles of federalism and comity counsel against extinguishing claims that could properly be litigated in state court). Plaintiff noted that remand would guarantee that those class members' claims are preserved for adjudication on the merits. ER 76.

### D.     Bradford's Opposition

Bradford's opposition to the motion to remand focused on two primary arguments: (1) that lack of equitable jurisdiction is irrelevant as long as there is subject matter jurisdiction; and (2) that lack of equitable jurisdiction can never be the basis for remand. ER 43-54. Bradford also argued that "public policy" supports denial of the motion to remand, and that even if the district court had the power to remand, that would be premature. ER 54-59. At the end of its opposition, Bradford argued that "if the Court concludes it has authority to remand," then Bradford should "be given the opportunity to waive its adequate-remedy-at-law defense." ER 59-60.

### E.    Plaintiff's Reply

In reply, Plaintiff responded to the opposition arguments by explaining (again) that subject matter jurisdiction has no bearing on the motion to remand. As *Sonner* and *Guzman* make clear, *both* subject matter jurisdiction *and* equitable jurisdiction are required before a court can hear the merits of an equitable claim. ER 21. Thus, in the words of the *Guzman* court, the presence of subject matter jurisdiction is "not dispositive of whether the court [can] exercise equitable jurisdiction." *Guzman*, 49 F.4th at 1314.

Plaintiff also explained why Bradford's argument that remand can never be ordered in response to a lack of equitable jurisdiction is incorrect. In this regard, Plaintiff explained that Bradford's attempt to cabin remand solely within the four corners of 28 U.S.C. § 1447 and the three specific non-statutory bases that Bradford is willing to acknowledge is unduly restrictive, and relatedly, that Bradford's attempt to cast *Cates* and *Twist* as irrelevant due to the 1938 merger of the law and equity functions of federal courts lacks merit because that merger did not alter the traditional principles of equitable jurisdiction. ER 23-25. Plaintiff further explained that Bradford's list of district court cases in which remand was denied are procedurally distinct because those cases involved a combination of equitable claims (which the district court could not adjudicate) and legal claims (which the district court would proceed to adjudicate). ER 25-26. In that

15

circumstance, some courts decline remand of equitable claims on the theory that "partial" or "piecemeal" remand would be inappropriate and that the equitable claims should be dismissed without prejudice instead. The instant case does not involve any non-equitable claims, which eliminates any theoretical concern about partial remand.

### F.    Plaintiff's Supplemental Authority

On March 4, 2024, Plaintiff filed a Notice of Supplemental Authority, citing *Morgan v. Rohr, Inc.*, No. 20-cv-574-GPC-AHG, 2023 U.S. Dist. LEXIS 204868 (S.D. Cal. Nov. 15, 2023). In *Morgan*, District Judge Gonzalo P. Curiel entered an order remanding the plaintiffs' UCL claim to state court. *Id*. at *1, 17. This order was entered in response to the plaintiffs' motion for reconsideration, which followed an earlier order in which the district court had dismissed the UCL claim without prejudice based on *Guzman*. *Id*. at *2-3. On reconsideration, the district court explained that the case before it was different than *Guzman* in that "*Guzman* was originally filed in federal court, whereas the instant case was not." *Id*. at *3. That distinction was significant, the court said, because remand was "not an option" in *Guzman* but it was an option in the case before it. *Id*. at *8-9. After a detailed discussion of relevant case law, including *Cates*, *Twist*, *Quackenbush*, *Guthrie*, *Clevenger*, and *Granato*, and after considering the fact that forcing the plaintiffs to file a new action in state court could "extinguish the UCL claims of

16

certain plaintiffs" (including at least one of the named plaintiffs), the district court concluded that remand was preferred over dismissal for reasons of fairness, economy, and efficiency. *Id*. at *13-14.

Notably, the *Morgan* court held that remand of the equitable UCL claim was appropriate even though the action involved several legal claims that the district court would continue to adjudicate. *Id*. at *2, 11-12, 14-15. Analogizing this situation to discretionary remand of state-law claims in the context of supplemental jurisdiction, the *Morgan* court explained that similar flexibility for partial remand should apply when a federal court lacks equitable jurisdiction. *Id*. at *15.

### G.    The District Court's Order

On May 16, 2024, the district court entered an order granting the motion to remand. ER 3-13. Addressing Plaintiff's arguments in sequence, the district court noted that the Complaint does not allege the lack of an adequate legal remedy and does not otherwise suggest that a damages award would be an inadequate remedy. As such, the district court held there is no equitable jurisdiction. ER 6-7.

Next, the district court held that remand is appropriate, basing that conclusion on the Supreme Court precedent of *Cates*, *Twist*, *Quackenbush*, and *Schlesinger*, and on post-*Sonner* district court cases (*Guthrie*, *Clevenger*, *Granato*, and *Morgan*) that conclude remand is appropriate when a district court lacks equitable jurisdiction in the context of a removed action. ER 7-12. In rejecting

17

Bradford's argument that the 1938 merger of law and equity functions in federal courts rendered *Cates* and *Twist* irrelevant, the district noted that Bradford did not explain *why* that merger matters here and cited authority holding that "the substantive remedial principles [applicable] prior to the advent of the federal rules [have] not changed." ER 10 (quoting *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 679 (2014) (citations omitted) (alterations in original)). In rejecting Bradford's argument that remand runs counter to CAFA, the district court explained that CAFA's "alterations to the federal diversity statute do not concern equitable jurisdiction, and do not empower courts to consider the merits of class action claims where equitable jurisdiction is lacking." ER 10-11. The court also distinguished cases cited by Bradford in which several district courts have ordered dismissal, not remand, for equitable claims when the action also involved legal claims that the district court would retain for adjudication. ER 11-12. The district court also considered the fact that dismissal without prejudice would create the potential for a "perpetual loop" of re-filing in state court, removal, and dismissal (as occurred in *Clevenger*), whereas remand precludes that scenario. ER 12.

Finally, regarding Bradford's argument that it should be given the opportunity to waive the adequate-remedy-at-law defense, the district court concluded that argument is "unavailing in light of *Guzman*, which held that the

district court erred in granting summary judgment when it lacked equitable jurisdiction." ER 12.

## III. STANDARD OF REVIEW

When a district court's decision to remand a removed case is reviewable, the Ninth Circuit applies a *de novo* standard. *Kamm v. ITEX Corp.*, 568 F.3d 752, 754 (9th Cir. 2009) (citations omitted).

## IV. BRADFORD DOES NOT CONTEST THE DISTRICT COURT'S HOLDING THAT IT LACKED EQUITABLE JURISDICTION

The district court held that it lacked equitable jurisdiction, and Bradford's opening brief implicitly concedes that holding was correct. Although Bradford describes Plaintiff's argument as based on an "alleged" or "purported" lack of equitable jurisdiction (Opening Brief ("AOB") at 1, 12, 16), or on a "distorted construction" of equitable jurisdiction (AOB at 2), Bradford makes no attempt to explain any different view of what federal equitable jurisdiction is or how it is present in this case. Indeed, Bradford says its appeal presents only *two* issues, propriety of remand and waiver, neither of which concerns whether equitable jurisdiction exists. AOB at 4. Thus, the district court's holding of no equitable jurisdiction is uncontested.

## V. THE DISTRICT COURT WAS CORRECT IN CONCLUDING THAT REMAND IS A PROPER PROCEDURAL RESPONSE WHEN EQUITABLE JURISDICTION IS LACKING IN A REMOVED ACTION

Having found no federal equitable jurisdiction, the next issue is: What are the procedural implications?

It seems there are three potential possibilities. In *Sonner*, *Guzman*, and *Bartling*, where the complaints were initially filed in federal court, the result was dismissal without prejudice to refiling in state court. In *Guthrie*, *Clevenger*, *Granato*, and *Morgan*, where the complaints were initially filed in state court, the result was remand. Bradford here seems to argue for a third alternative, suggesting that the lack of equitable jurisdiction is irrelevant and should be disregarded as long as there is subject matter jurisdiction. AOB at 28-31.

In Section V.A below, Plaintiff shows that the third alternative proposed by Bradford is invalid as directly contrary to *Sonner*, *Guzman*, and *Bartling*. Then, in Section V.B, we discuss why remand is permissible for lack of equitable jurisdiction when (as here) the action was removed from state court.

### A. When Federal Equitable Jurisdiction Is Lacking, *Sonner* and *Guzman* Preclude a Federal Court From Adjudicating the Merits of an Equitable Claim

Bradford acknowledges that when the district court concluded it lacked equitable jurisdiction, the court "effectively abstain[ed] from deciding the case." AOB at 15. Regardless of whether the court's determination that it could not

adjudicate the merits is labeled as "abstention," "abstention-adjacent" (AOB at 13), a doctrine "likened to abstention" (AOB 21), or something else, the procedural response could take one of two forms: dismissal without prejudice or remand. Bradford, however, contends the district court should not have abstained, and that it instead should have proceeded to adjudication of the merits based solely on the fact that the court had subject matter jurisdiction. AOB at 28-31. Established Ninth Circuit precedent precludes a federal court from doing that.

It is an indisputable fact that in *Sonner*, *Guzman*, and *Bartling*, there was subject matter jurisdiction based on CAFA. *See Mullins v. Premier Nutrition Corp.*, No. 3:13-cv-01271-RS (N.D. Cal. Mar. 21, 2013), ECF No. 1 (Compl. ¶ 8); *Guzman v. Polaris Indus., Inc.*, No. 8:19-cv-01543-FLA-KES (C.D. Cal. Aug. 8, 2019), ECF No. 1 (Compl. ¶ 15); *Bartling v. Apple Inc.*, No. 5:18-cv-00147 (N.D. Cal. Jan. 8, 2018), ECF No. 1 (Compl. ¶ 12). Thus, *if* it were true that the presence of CAFA subject matter jurisdiction could supersede and nullify the requirement for equitable jurisdiction, the equitable claims in those cases would *not* have been dismissed and instead would have been retained for adjudication in federal court.

The Ninth Circuit held otherwise. In the words of *Sonner*, the principle that there is no equitable jurisdiction absent a showing that the plaintiff lacks an adequate legal remedy is a "rigid restriction[] on a federal court's equitable powers

explicitly enumerated in *York*." *Sonner*, 971 F.3d at 842. In the words of *Guzman*, "[e]quitable jurisdiction is distinct from subject matter jurisdiction, although *both* are required for a federal court to hear the merits of an equitable claim"; and when federal equitable jurisdiction is lacking, a district court is "bar[red]" from considering the merits of a state-law equitable claim. *Guzman*, 49 F.4th at 1314 (italics added). "As is the case when federal courts decline to exercise jurisdiction under abstention principles or the doctrine of *forum non conveniens*, a federal court that dismisses a claim for lack of equitable jurisdiction necessarily declines 'to assume the jurisdiction and decide the cause.'" *Id*. (citations omitted).

Bradford puts significant weight on its argument that recognizing lack of equitable jurisdiction as an analogue to abstention would "undermine[] CAFA." AOB at 28-31. But the interplay between lack of equitable jurisdiction and CAFA is no different here than it was in *Sonner*, *Guzman*, and *Bartling*. In *Guzman* for instance, the Ninth Circuit directed that the end result would be dismissal without prejudice *so that* the equitable claims could be filed in state court. *Guzman* explains: "Thus, a federal court's pre-merits determination to withhold relief is binding on other federal courts, but not on courts outside the federal system that might properly exercise their own jurisdiction over the claim. [¶] In accordance with this general rule, the district court should have dismissed Albright's UCL

claim without prejudice to refiling the same claim in state court." *Guzman*, 49 F.4th at 1314 (citations omitted).

The only procedural distinction between the instant case, on one hand, and *Sonner*, *Guzman*, and *Bartling*, on the other hand, is that in those cases CAFA jurisdiction was invoked by the plaintiffs when they filed their respective complaints in federal court, whereas here CAFA jurisdiction was invoked by defendant Bradford when it filed a notice of removal. Insofar as subject matter jurisdiction is concerned, however, that is a distinction without a difference. Either way, CAFA jurisdiction exists. There is nothing in the CAFA statute or legislative history that makes subject matter jurisdiction more sacrosanct when it attaches through removal rather than through the direct filing of a complaint. Moreover, nothing in CAFA "purport[s] to alter traditional equitable rules." *Guthrie*, 561 F. Supp. 3d at 879; *Clevenger*, 2023 U.S. Dist. LEXIS 38305, at *12. If, as Bradford suggests, Congress intended to eliminate the traditional requirement for equitable jurisdiction when enacting CAFA, it would have been explicit. *See Hecht Co. v. Bowles*, 321 U.S. 321, 330 (1944) (declining to construe statute as requiring courts to enter an injunction, rather than exercising discretion, because "if Congress desired to make such an abrupt departure from traditional equity practice as is suggested, it would have made its desire plain"). In *Clevenger*, Judge Carney rejected the defendant's argument that requiring both equitable jurisdiction and

subject matter jurisdiction would create "an end run around CAFA." *Clevenger*, 2023 U.S. Dist. LEXIS 38305, at *11-12. Describing that argument as unpersuasive "handwringing," Judge Carney noted that federal courts sitting in diversity can adjudicate state-law equitable claims when the plaintiff lacks an adequate remedy at law, and that when there is an adequate legal remedy, plaintiffs should still be able to have their equitable claims "heard by a court of competent jurisdiction" (i.e., a state court). *Id*. at *12. Given that CAFA subject matter jurisdiction did not nullify the need for federal equitable jurisdiction in *Sonner*, *Guzman*, and *Bartling*, or in *Guthrie* and *Clevenger*, the same is true here.

Bradford also puts significant weight on its argument that because a class action plaintiff cannot avoid CAFA jurisdiction by waiving recoverable amounts in excess of $5 million, *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), then by analogy, a plaintiff should not be able to forego a legal claim that could be adjudicated in federal court. AOB at 30-31. But that analogy lacks correspondence. The principle of equitable jurisdiction has nothing to do with CAFA's amount-in-controversy requirement. If federal equitable jurisdiction is lacking, the claim cannot be heard on the merits in federal court regardless of the claim's potential or perceived value. Beyond that, Bradford's suggestion that foregoing a legal claim could operate to the detriment of the putative class has no possible application here because—as Bradford itself emphasizes—"Ruiz seeks the exact same monetary

relief via his equitable claims as he would seek under his allegedly cognizable legal claims." AOB at 2. And, even if Plaintiff had included a legal claim in the Complaint along with the equitable UCL and FAL claims, the district court still would not have equitable jurisdiction over the UCL and FAL claims; those claims would have to be dismissed or remanded for adjudication in state court in any event. Bradford's analogy based on *Knowles* thus breaks down and has no persuasive value in this context.

### B. When Federal Equitable Jurisdiction Is Lacking in a Removed Action, Remand Is a Viable Alternative to Dismissal Without Prejudice

As distinguished from cases that are initiated in federal court, cases that reach federal court through removal have no impediment to remand when the federal court cannot adjudicate the claim due to lack of equitable jurisdiction. As *Guzman* explains, a federal court's inability to adjudicate an equitable claim due to lack of equitable jurisdiction is analogous to a federal court "declin[ing] to exercise jurisdiction under abstention principles," 49 F.4th at 1314, and *Cates*, *Twist*, and *Quackenbush* all say that federal courts have the power to remand such equitable actions when they were previously removed from state court. *Cates*, 149 U.S. at 461; *Twist*, 274 U.S. at 689-90; *Quackenbush*, 517 U.S. at 721.

Aside from the close analogy between lack of equitable jurisdiction and abstention, there is also a close analogy between lack of equitable jurisdiction and

a federal court's power to dismiss or remand state-law claims that are before the court based on supplemental jurisdiction in a federal-question case. Bradford itself acknowledges supplemental jurisdiction as a proper non-statutory basis for remand. AOB at 19. In *Pittmon v. CACI Int'l, Inc.*, No. CV 21-02044-CJC (JEMx), 2023 U.S. Dist. LEXIS 213968 (C.D. Cal. Oct. 26, 2023), the district court held that *Sonner* and its requirement for equitable jurisdiction over state-law equitable claims applies not only to claims that are before the court based on diversity jurisdiction (as in *Sonner*), but also to claims that are before the court based on supplemental jurisdiction. *Id*. at *22-23. The complaint in *Pittmon* was filed in the first instance in federal court, not state court, so based on *Guzman*, the district court ended up dismissing the equitable UCL claim without prejudice to refiling in state court. *Id*. at *25-26; *see Pittmon v. CACI Int'l, Inc*., No. CV 21-01044 (C.D. Cal. Mar. 5, 2021), ECF No. 1 (Compl. ¶ 11 (invoking supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367)). Obviously, if that complaint had been filed initially in state court, and then removed, the district court would have had the option of remanding the UCL claim.

Moreover, as *Guthrie*, *Clevenger*, *Granato*, and *Morgan* explain, remand is often preferred over dismissal for reasons of efficiency, comity, and fairness. *See ante* at 9-14, 17-18. Just as in *Clevenger* and *Morgan*, remand is important here to ensure that the statute of limitations is preserved for the entire class period based

on the filing date of the Complaint. More than 13 months have passed since the Complaint was filed such that we are now more than four years past the date of Plaintiff's transaction with Bradford (May 2020). ER 103-104. The same is obviously true for the transactions of many putative class members whose claims, as of now, are timely based on the filing date of the current Complaint. By the time this appeal process runs its course and the case gets to the point of being ready to resume in state court, we could be close to two years post-filing. In the analogous context of state-law claims pending in federal court pursuant to supplemental jurisdiction, the Supreme Court considered statute of limitations concerns to be a "potent reason" for authorizing remand, not just dismissal. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351-52 (1988). And, "[e]ven when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness, and comity." *Id*. at 353. So too, here, to avoid the risk of extinguishing claims based solely on the passage of time after a timely-filed case has been removed to federal court, and to promote economy, convenience, fairness, and comity, remand is favored over dismissal.

Similarly, just as in *Clevenger*, it seems evident here that remand will be necessary to effectively return the case to state court. Bradford has all but promised that if the result is dismissal and a new case needs to be filed in state court,

Bradford will once again remove based on CAFA in pursuit of a "perpetual loop." AOB at 33.

Ultimately, whether by remand or dismissal without prejudice, when state-law claims are not subject to adjudication in federal court based on lack of federal equitable jurisdiction, federal courts respect the right of a state to authorize its courts to adjudicate those claims. Here, the most efficient and fairest way to return Plaintiff's equitable claims to state court is by remand.

## VI. BRADFORD'S "WAIVER" ARGUMENT HAS NO MERIT

Bradford's final argument on appeal relates to waiver. In essence, Bradford contends that it—and it alone—had (and still has) the unilateral right to decide whether a federal court can properly adjudicate Plaintiff' equitable claims. To the district court, Bradford cited two cases in support of its waiver argument, but those cases stand only for the proposition that a litigant can waive the right to present an argument on appeal by failing to make it to the district court in the first instance. ER 59 (citing *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) and *Ellipso, Inc. v. Mann*, 480 F.3d 1153, 1160 (D.C. Cir. 2007)). Bradford takes a different tack on appeal, analogizing a lack of equitable jurisdiction to a lack of personal jurisdiction, relying on cases in which courts have described rules regarding personal jurisdiction as a "personal privilege" that a

defendant may assert, or not, as it sees fit. AOB at 39. There are two basic flaws with Bradford's waiver argument, discussed below.

### A. Lack of Equitable Jurisdiction Is a Restriction on the Court, Not a Personal Privilege of a Single Party

The first flaw in Bradford's argument is that the boundaries of equitable jurisdiction represent a real restriction on the power of federal courts, separate and apart from any "defense" that a party may assert. The Supreme Court has described the nature and scope of equitable jurisdiction as follows:

> The Judiciary Act of 1789 conferred on the federal courts jurisdiction over "all suits . . . in equity." 1 Stat. 78. We have long held that "the 'jurisdiction' thus conferred . . . is an authority to administer in equity suits the principles of the system of judicial remedies which had been devised and was being administered by the English Court of Chancery at the time of the separation of the two countries." [Citations] "Substantially, then, the equity jurisdiction of the federal courts is the jurisdiction in equity exercised by the High Court of Chancery in England at the time of the adoption of the Constitution and the enactment of the original Judiciary Act, 1789 (1 Stat. 73)." [Citation] "The substantive prerequisites for obtaining an equitable remedy … depend on traditional principles of equity jurisdiction." [Citation] We must ask, therefore, whether the relief respondents requested here was traditionally accorded by courts of equity.

*Grupo Mexicano De Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 318-19 (1999). Given that historical context, it makes no sense to say that a federal court

would be justified in disregarding the limited scope of its equitable jurisdiction so long as a defendant did not interpose a "defense," nor does it make any sense to say that a waiver by one party could "restore" equitable jurisdiction that is lacking in the first place. In this respect, lack of equitable jurisdiction is much more akin to lack of subject matter jurisdiction than it is to lack of personal jurisdiction.

For example, as with subject matter jurisdiction, lack of equitable jurisdiction can be raised by any party or by the court *sua sponte*. *Allen v. Pullman's Palace Car Co*., 139 U.S. 658, 662 (1891) ("if the court, in looking at the proofs, found none of the matters which would make a proper case for equity, it would be the duty of the court to recognize the fact and give it effect, though not raised by the pleadings nor suggested by counsel"). In *Guthrie*, *Clevenger*, and *Granato*, the district courts made findings regarding lack of equitable jurisdiction in response to motions to remand filed by the respective plaintiffs, not in response to motions or objections asserted by a defendant. Similarly, in *Bonetti v. TriStruX LLC*, No. 24-cv-01319-LB, 2024 U.S. Dist. LEXIS 115035 (N.D. Cal. June 27, 2024), the district court ordered that the UCL claim be dismissed without prejudice to refiling in state court, even though the defendant had not filed any motion seeking that relief and the lack of equitable jurisdiction was pointed out by the plaintiff. *Id*. at *20-21. And most recently, in *SDLA Courier Serv., Inc. v. Unlimited Capital, LLC*, No. CV 24-07544 TJH (ASx), 2024 U.S. Dist. LEXIS

161715 (C.D. Cal. Sept. 6, 2024), the district court *sua sponte* dismissed the plaintiff's UCL claim for lack of equitable jurisdiction, based on failure to allege that legal remedies are inadequate. *Id*. at \*5, 8. That dismissal order was entered two days after the complaint was filed and before any defendant had appeared in the action. *Id*. at \*4-5.

The foregoing cases are in keeping with the *Sonner* court's description of the requirement for equitable jurisdiction as a "rigid restriction[] on a federal court's equitable powers explicitly enumerated in *York*." *Sonner*, 971 F.3d at 842. Thus, while questions regarding the scope of a federal court's equity jurisdiction can be (and often are) raised by defendants, a defendant's failure to do so does not expand the court's equitable powers, does not preclude another party from raising the issue, and does not preclude the court itself from raising the issue or acting upon the issue regardless of who raises it. *Allen* and the other cases cited above therefore also undermine Bradford's attempt to shape-shift equitable jurisdiction principles depending on whether it views them as operating as "shield" or "sword" (AOB 31-33), and its accusation that it was "gamesmanship" for Plaintiff to raise the equitable jurisdiction issue (AOB at 2).

None of the cases cited by Bradford undermine *Allen*'s holding that lack of equitable jurisdiction can be raised by any party or by the court *sua sponte*. For example, Bradford cites *American Mills Co. v. American Surety Co. of N.Y.*, 260

31

U.S. 360 (1922) for the proposition that "a defendant can waive the 'defect' of the plaintiff having an adequate legal remedy at law[.]" AOB at 38. But the circumstances and issues addressed in *American Mills* bear no similarity to the lack of equitable jurisdiction in the instant case. In *American Mills*, the court was dealing with newly-promulgated rules of pleading and practice for the then-existing equity side of federal courts. *Am. Mills*, 260 U.S. at 363-64. One of those new rules, Equity Rule 30, required that:

> The answer must state in short and simple form any counter-claim arising out of the transaction which is the subject matter of the suit, and may, without cross-bill, set out any set-off or counter-claim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counter-claim so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims.

*Am. Mills*, 260 U.S. at 363-64. In that litigation, the defendant filed an answer and, in addition, asserted a counterclaim setting forth a *legal* cause of action, not an equitable one. *Id*. at 364. As described by the Supreme Court, the case "involve[d] a question of procedure and turn[ed] on the construction of Equity Rule 30," *id*. at 361, and specifically, whether the term "counter-claim" in the rule was limited to a claim in equity or, alternatively, whether it encompassed legal claims, as the petitioner contended, *id*. at 364. The Supreme Court held that Rule 30 was limited

to claims in equity, explaining that "[the new Equity Rules] certainly were not drawn to change in any respect the line between law and equity as made by the federal statutes, practice and decisions when the rules were promulgated." *Id*. The Supreme Court further held that by asserting and presenting proofs on the legal claim, the petitioner had waived any objection to the court adjudicating the matter, including both the equitable and legal issues. *Id*. at 366.

Plainly, there is no similarity between *American Mills* and the instant case. There, the issue was construction of a procedural rule (which has long since been abrogated); whereas here, the issue is whether Plaintiff's state-law equitable claims are within the scope of traditional principles of federal equitable jurisdiction given that Plaintiff has not alleged the absence of an adequate legal remedy. There is no federal equitable jurisdiction here, and *Sonner* and *Guzman* require that Plaintiff's claims be adjudicated in state court. Nothing in *American Mills* (or other cases cited by Bradford) establishes otherwise.

## B. Even If Lack of Equitable Jurisdiction Were a Defendant's Personal Privilege, Bradford Did Not Waive the Objection

The second flaw in Bradford's waiver argument is that Bradford did not actually waive anything in this case. The absence of a waiver is evident in Bradford's briefing to the district court. The final argument in Bradford's opposition, set forth in two short paragraphs, was that "[i]f the Court concludes it has the authority to remand, and also concludes that there is an adequate remedy at

33

law," then Bradford should be "given the opportunity" to waive an adequate-remedy-at-law defense. ER 59. Bradford represented that in that circumstance, it "would anticipate" waiving its defense, while emphasizing that its "first-line position is that it is entitled to a federal forum under CAFA[.]" ER 59-60.

In its opening brief on appeal, Bradford now characterizes those statements as constituting a "waiver" that the district court "disregard[ed]." AOB at 36. Even now, however, Bradford is angling for some advance notice about what the end result of this appeal will be before making any decision about waiver. *See* AOB at 41. Only "*if* the Court disagrees [with Bradford's position] and concludes that the district court had the authority to remand on the basis of lack of equitable jurisdiction," *then* Bradford would "choose whether to assert the adequacy of a legal remedy[.]" AOB at 41-42 (italics added). Bradford itself describes its position as a "potential waiver." AOB at 40. The fact that Bradford is using such conditional language even now, when the district court's order is being reviewed on appeal, demonstrates that Bradford did not waive anything in the proceeding below. Accordingly, even if lack of equitable jurisdiction were viewed as a defendant's personal privilege such that waiver could compel a federal court to proceed beyond the scope of traditional principles of equity jurisdiction, the absence of an actual waiver in this case means there was no error in this aspect of the district court's remand order.

## VII.  CONCLUSION

Based on the foregoing, the district court did not err in remanding this action

to state court. That order should be affirmed.

DATED:  October 7, 2024          DOSTART HANNINK LLP


                                 s/ Zach P. Dostart
                                 ZACH P. DOSTART
                                 *Attorneys for Plaintiff-Appellee*

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the word limit requirements of Fed. R. App. P. 32(a)(7)(B) and Cir. R. 32-1 because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 8,167 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word for Microsoft Office 365 Business in Times New Roman 14-point font.

DATED:  October 7, 2024          DOSTART HANNINK LLP


s/ Zach P. Dostart
ZACH P. DOSTART
*Attorneys for Plaintiff-Appellee*

## <u>PROOF OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS e-filing system on October 7, 2024. The document is described as:

**ANSWERING BRIEF OF PLAINTIFF-APPELLEE**

I certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

DATED:  October 7, 2024  DOSTART HANNINK LLP


s/ Zach P. Dostart
ZACH P. DOSTART
*Attorneys for Plaintiff-Appellee*

1017056

37