

4225 EXECUTIVE SQUARE, SUITE 600
LA JOLLA, CALIFORNIA 92037-1484
TELEPHONE: 858-623-4200
FAX: 858-623-4299

**ZACH P. DOSTART**
DIRECT DIAL 858-623-4275
E-MAIL: ZDOSTART@SDLAW.COM

November 18, 2024

VIA ACMS

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    Re:   *Ruiz v. The Bradford Exchange, Ltd.*, No. 24-3378
           Notice of Supplemental Authority Pursuant to FRAP 28(j)

Dear Ms. Dwyer:

    Pursuant to Fed. R. App. P. 28(j) and Circuit Rule 28-6, plaintiff-appellee Jose Ruiz ("Plaintiff") provides citations to two cases that have come to Plaintiff's attention since the Answering Brief (Dkt. 15) was filed.

    (1) *Haver v. Gen. Mills, Inc.*, No. 3:24-cv-01269-CAB-MMP, 2024 U.S. Dist. LEXIS 187520 (S.D. Cal. Oct. 11, 2024). *Haver* is relevant to this appeal because it holds that remand is appropriate when a district court lacks equitable jurisdiction in a removed action and there are no non-equitable claims to be adjudicated. In this respect, the *Haver* court endorsed the analysis of other cases discussed in the Answering Brief at pages 9-14, 16-17, and 25-28. *See Haver*, 2024 U.S. Dist. LEXIS 187520, at *6-10. *Haver* is also relevant because the court rejected the same "waiver" argument that defendant-appellant is making here. *See* Defendant General Mills, Inc.'s Opposition to Plaintiff's Motion to Remand to State Court at 14, *Haver v. Gen. Mills, Inc.*, No. 3:24-cv-01269 (S.D. Cal. Sept. 13, 2024), ECF No. 8 (arguing that "General Mills should be given a fair opportunity" to "waive" the absence of equitable jurisdiction); *Haver*, 2024 U.S. Dist. LEXIS 187520, at *9-10 (rejecting the waiver argument because "[t]he Court is exercising its inherent authority (as recognized in *Cates*) when petitioned as a court of equity").



*Ruiz v. The Bradford Exchange, Ltd.*, No. 24-3378
Notice of Supplemental Authority Pursuant to FRAP 28(j)
November 18, 2024
Page 2

(2) *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122 (9th Cir. 2020). In *Barranco*, the Ninth Circuit held that even if the litigants themselves have contractually agreed that the circumstances justify equitable relief, such agreement is not an adequate basis for a federal court to exercise equitable jurisdiction or award equitable relief. *Id.* at 1130. *Barranco* supports Plaintiff's argument that lack of equitable jurisdiction is not the "personal privilege" of a defendant, and accordingly, that a defendant's waiver cannot compel a federal court to entertain an equitable claim when equitable jurisdiction is lacking. *See* Answering Brief at 28-33.

Sincerely,
DOSTART HANNINK LLP

s/ Zach P. Dostart
**Zach P. Dostart**

cc: Kate T. Spelman, Esq. (via ACMS)
Madeline P. Skitzki, Esq. (via ACMS)
Adam G. Unikowsky, Esq. (via ACMS)
Jonathan J. Marshall, Esq. (via ACMS)

1020835