No. 24-3378

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

JOSE RUIZ,
Plaintiff-Appellee,

v.

THE BRADFORD EXCHANGE, LTD.,
Defendant-Appellant.

---

On Appeal from the United States District Court
for the Southern District of California
Case No. 3:23-cv-01800-WQH-KSC
The Honorable William Q. Hayes

---

## REPLY BRIEF OF DEFENDANT-APPELLANT
## THE BRADFORD EXCHANGE, LTD.

---

JENNER & BLOCK LLP
Adam G. Unikowsky
AUnikowsky@jenner.com
Jonathan J. Marshall
JMarshall@jenner.com
1099 New York Avenue, NW,
Suite 900
Washington, DC 20001-4412
Telephone: +1 202 639 6000
Facsimile: +1 202 639 6066

JENNER & BLOCK LLP
Kate T. Spelman
KSpelman@jenner.com
Madeline P. Skitzki
MSkitzki@jenner.com
515 South Flower Street, Suite
3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

*Counsel for Defendant-Appellant The Bradford Exchange, Ltd.*

# TABLE OF CONTENTS

INTRODUCTION ....................................................................... 1

ARGUMENT ............................................................................ 3

I.   The District Court Erred in Remanding Due to a Lack of Equitable Jurisdiction. ................................................... 3

     A.   Ruiz Concedes That No Recognized Basis for Remand Exists Here. ................................................................ 3

     B.   Expanding the Bases for Remand to Include Lack of Equitable Jurisdiction Turns the Doctrine on Its Head. ..... 12

          i.   The adequate-remedy-at-law doctrine bears on both a federal court's authority to issue a remedy and a defendant's right to a jury trial, but not on a federal court's fundamental power to act. ............... 13

          ii.   The consequences of recognizing remand here would be grave and far-reaching. ................................ 18

II.   This Court Should Recognize Bradford's Waiver of the Adequate-Remedy-at-Law Defense. ............................... 21

CONCLUSION ....................................................................... 27

CERTIFICATE OF COMPLIANCE ....................................... 29

CERTIFICATE OF SERVICE ................................................ 30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. W. Marine Prods., Inc.,*
    958 F.3d 1216 (9th Cir. 2020) ................................................................. 5

*Adkins v. VIM Recycling, Inc.,*
    644 F.3d 483 (7th Cir. 2011) .................................................................. 5

*Agua Caliente Band of Cahuilla Indians v. Hardin,*
    223 F.3d 1041 (9th Cir. 2000) ......................................................... 14, 15

*Allen v. Pullman's Palace-Car Co.,*
    139 U.S. 658 (1891) ......................................................................... 23, 25

*Am. Mills Co. v. Am. Sur. Co. of New York,*
    260 U.S. 360 (1922) ............................................................................. 23

*In re Apple Processor Litig.,*
    No. 22-16164, 2023 WL 5950622 (9th Cir. Sept. 13, 2023) .................. 6

*Arroyo v. Rosas,*
    19 F.4th 1202 (9th Cir. 2021) ............................................................. 11

*Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists &*
    *Aerospace Workers,*
    390 U.S. 557 (1968) ......................................................................... 13, 14

*Barranco v. 3D Systems Corp.,*
    952 F.3d 1122 (9th Cir. 2020) ............................................................. 15

*Beacon Theatres, Inc. v. Westover,*
    359 U.S. 500 (1959) ............................................................................. 17

*Bowen v. Energizer Holdings, Inc.,*
    118 F.4th 1134 (9th Cir. 2024) ........................................................... 21

*Bruckman v. Hollzer,*
    152 F.2d 730 (9th Cir. 1946) ................................................................ 8

*Calise v. Meta Platforms, Inc.*,
103 F.4th 732 (9th Cir. 2024) .......................................................... 21

*Cates v. Allen*,
149 U.S. 451 (1893) .............................................................. *passim*

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*,
321 F.3d 878 (9th Cir. 2003) ............................................................ 24

*Davidson v. Sprout Foods, Inc.*,
106 F.4th 842 (9th Cir. 2024) .......................................................... 21

*Davis v. Passman*,
442 U.S. 228 (1979) ...................................................................... 14

*Di Giovanni v. Camden Fire Ins. Ass'n*,
296 U.S. 64 (1935) ........................................................................ 14

*Digit. Media Sols., LLC v. S. Univ. of Ohio, LLC*,
59 F.4th 772 (6th Cir. 2023) ...................................................... 19, 22

*Ellipso, Inc. v. Mann*,
480 F.3d 1153 (D.C. Cir. 2007) ........................................................ 24

*Granfinanciera, S.A. v. Nordberg*,
492 U.S. 33 (1989) ........................................................................ 17

*Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*,
527 U.S. 308 (1999) ...................................................................... 14

*Guzman v. Polaris Indus. Inc.*,
49 F.4th 1308 (9th Cir. 2022) ................................................. *passim*

*Ibarra v. Manheim Invs., Inc.*,
775 F.3d 1193 (9th Cir. 2015) .......................................................... 20

*Keene v. Hale-Halsell Co.*,
118 F.2d 332 (5th Cir. 1940) ............................................................ 20

*Morgan v. City & Town of Beloit*,
74 U.S. 613 (1868) ........................................................................ 18

*Pusey & Jones Co. v. Hanssen*,
    261 U.S. 491 (1923) ...................................................................... 22

*Quackenbush v. Allstate Ins. Co.*,
    517 U.S. 706 (1996) .............................................. 4, 7, 10, 11

*Ross v. Bernhard*,
    396 U.S. 531 (1970) ...................................................................... 8

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999) .................................................................... 24

*S. Pac. R.R. Co. v. United States*,
    200 U.S. 341 (1906) .................................................................... 25

*Schlesinger v. Councilman*,
    420 U.S. 738 (1975) ................................................................ 7, 8

*Schoenthal v. Irving Tr. Co.*,
    287 U.S. 92 (1932) ...................................................................... 17

*Scott v. Neely*,
    140 U.S. 106 (1891) .................................................................... 18

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ............................................. *passim*

*Sonner v. Premier Nutrition Corp.*,
    49 F.4th 1300 (9th Cir. 2022) ...................................................... 6

*Twist v. Prairie Oil & Gas Co.*,
    274 U.S. 684 (1927) .......................................................... *passim*

*Tyler v. Savage*,
    143 U.S. 79 (1892) ...................................................................... 25

*Younger v. Harris*,
    401 U.S. 37 (1971) ...................................................................... 17

**Statutes**

28 U.S.C. § 1332(d) ........................................................................ 5

iv

28 U.S.C. § 1367(c)................................................................ 11

**Other Authorities**

Fed. R. Civ. P. 18(a)............................................................ 8

Fed. R. Civ. P. 38(a)........................................................... 24

Fed. R. Civ. P. 38(d)........................................................... 24

Restatement (Third) of Restitution and Unjust Enrichment
    § 4 cmt. c (2011)......................................................... 16

## INTRODUCTION

This case raises the question of whether a federal court is required to remand a putative class action in which the plaintiff strategically withholds a purportedly adequate legal claim to undermine the Class Action Fairness Act ("CAFA") by depriving the federal court of equitable jurisdiction. The answer to this question must be no: lack of equitable jurisdiction is not an authorized basis for remand here, and there is no justification for recognizing it as such. Further, a defendant must be permitted to waive its adequate-remedy-at-law defense. Ruiz's position—and the district court's remand order—lacks precedential support and relies on a distorted construction of equitable jurisdiction that transforms the doctrine from a shield defendants can raise to protect their right to a jury trial into a sword plaintiffs can wield to deprive out-of-state defendants of their right to a federal forum.

Ruiz argues that the Ninth Circuit's recent decisions in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) ("*Sonner I*"), and *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308 (9th Cir. 2022), compel remand here. This is plainly incorrect. In both *Sonner I* and *Guzman*, the *defendant* raised the court's lack of equitable jurisdiction as a basis

1

for *dismissal* of equitable claims. Neither case authorizes (let alone compels) remand based on a plaintiff's tactical decision to plead only equitable claims.

To the extent district courts have interpreted *Sonner I* and *Guzman* to compel remand in these circumstances, this case presents a crucial opportunity to clarify the law and reject the untenable consequences that flow from those district court decisions.[1] Because the Supreme Court and this Court have consistently held that the adequate-remedy-at-law doctrine bears on both a federal court's authority to issue a remedy and a defendant's right to a jury trial, but not on a court's jurisdiction, remand should not be permitted in this circumstance.

Ruiz does not make a compelling case for his novel interpretation of controlling authority. He concedes that no recognized basis for remand exists here, acknowledging that subject-matter jurisdiction was proper, there was no defect in removal, and no abstention doctrine applies in these circumstances. Because it was never contemplated that plaintiffs

---

[1] Appellant The Bradford Exchange, Ltd. ("Bradford") is aware of at least three remand orders based on lack of equitable jurisdiction that have been appealed to this Court since Bradford filed its Opening Brief: *Hortin v. Kraft Heinz Foods Co.*, No. 24-5682; *Young v. Renewal by Andersen, LLC*, No. 24-6095; and *Haver v. General Mills, Inc.*, No. 24-6784.

2

would forgo adequate remedies at law to avoid federal court, any cases suggesting that a lack of equitable jurisdiction in the abstract can be a basis for remand have little persuasive value here. Ruiz's argument that the adequate-remedy-at-law defense is not waivable also falls flat, as it is based on Ruiz's attempt to equate equitable jurisdiction with subject-matter jurisdiction, a false equivalence that the Supreme Court has rejected. Numerous controlling cases permit waiver of the adequate-remedy-at-law defense, and Ruiz does not cite a single case prohibiting such waiver. Further, the fact that Bradford's waiver was conditional does not justify the district court's erroneous decision to prohibit that waiver. For the reasons set forth below and in the Opening Brief, the district court's remand order should be reversed and vacated.

## ARGUMENT

### I. The District Court Erred in Remanding Due to a Lack of Equitable Jurisdiction.

#### A. Ruiz Concedes That No Recognized Basis for Remand Exists Here.

Ruiz concedes that no statutory or non-statutory basis for remand exists here. *See generally* OB-17–21.[2] He does not contend the district

---

[2] Citations to the Opening and Answering Briefs are to OB-page# and AB-page#, respectively.

court lacked subject-matter jurisdiction or that there was some defect in removal. And he does not dispute that courts have recognized only three limited, nontextual bases for remanding a case to state court pursuant to a federal court's "inherent authority" and that none apply here. Thus, there should be no further inquiry.

Nonetheless, Ruiz suggests that *Sonner I* and *Guzman* compel remand, and argues that (1) "a federal court's inability to adjudicate an equitable claim due to lack of equitable jurisdiction is analogous to a federal court 'declin[ing] to exercise jurisdiction under abstention principles,'"; (2) *Cates v. Allen*, 149 U.S. 451 (1893), *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684 (1927), and *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706 (1996), "all say that federal courts have the power to remand such equitable actions when they were previously removed from state court"; and (3) "there is also a close analogy between lack of equitable jurisdiction and a federal court's power to dismiss or remand state-law claims that are before the court based on supplemental jurisdiction in a federal-question case." AB-20–26 (quoting *Guzman*, 49 F.4th at 1314). These arguments do not stand up to scrutiny.

First, "abstention principles" do not support remand for multiple

4

reasons, which Bradford articulated in its Opening Brief. OB-19–27. To begin, the Supreme Court has identified just a few narrow abstention doctrines—*Younger*, *Pullman*, *Burford*, and *Thibodaux* abstention—and none of those apply here. *See id.* at 20–21. Ruiz does not disagree. In the absence of an established doctrine to support abstention, abstention is unavailable. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 496–97 (7th Cir. 2011) (reversing district court's decision to abstain and emphasizing that the "[u]se of a judge-made abstention doctrine to refuse to hear" a case over which the court had original jurisdiction constitutes "an end-run around congressional will"). Any expansion of such abstention principles makes no sense here, as Congress has already delineated via CAFA the scenarios in which district courts are either required or permitted to abstain based on comity concerns. *See* OB-22–23; *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1220–21 (9th Cir. 2020) (describing "local controversy" and "home state exceptions" under CAFA) (citing 28 U.S.C. § 1332(d)). This is not one of those scenarios.

*Sonner I* and *Guzman* do not support a different outcome. In both cases, the *defendants* raised the adequate-remedy-at-law doctrine as a defense in the context of dispositive motions; neither case addresses a

5

district court's authority to *remand*. Bases for dismissal are not commensurate with bases for remand.[3] Moreover, in *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1303 (9th Cir. 2022) ("*Sonner II*"), the Court clarified that it "did not indicate [in *Sonner I*] that Sonner's failure to plead an inadequate remedy at law deprived the district court of jurisdiction over her complaint."

In *Guzman*, the Court simply held that equitable jurisdiction is "required for a federal court to hear the merits of an equitable claim"—*i.e.*, to "make a merits determination as to liability." 49 F.4th at 1314. Because the district court found as a result of the defendant's motion for summary judgment that it lacked equitable jurisdiction, the Court held it should have dismissed the plaintiff's equitable claim without prejudice instead of "granting summary judgment in favor of [the plaintiff] on this claim." *Id*. at 1315. The Court did not hold, however, that the district court should have dismissed the case at the outset or otherwise refused

---

[3] *In re Apple Processor Litig.*, No. 22-16164, 2023 WL 5950622 (9th Cir. Sept. 13, 2023), an unpublished Ninth Circuit case on which Ruiz also relies, similarly addressed dismissal, rather than remand. This Court held, not that the district court lacked authority to consider the plaintiffs' claims, but that the plaintiffs "were obligated to allege that they had no adequate legal remedy in order to state a claim for equitable relief." *Id*. at 2.

6

to take jurisdiction over the complaint. The fact that a lack of equitable jurisdiction (if not waived) may result in a district court's inability to issue a judgment *on the merits* of a claim does not mean the court lacks power to hear the case. *See infra* § I(B)(i). And here, of course, any such inability was manufactured (and can be rectified) by Ruiz.

Second, Ruiz is wrong that *Cates*, *Twist*, and *Quackenbush* support remand *in these circumstances*. Most importantly, none of those cases involve a court remanding on the basis that it lacked equitable jurisdiction simply because the plaintiff did not allege the absence of an adequate remedy at law. Both *Cates* and *Twist* are also inapplicable because they were decided before the merger of law and equity. As the Supreme Court has stated, "ancient lineage, particularly if sprung from circumstances no longer existent," does not "establish[] the contemporary utility of a rule." *Schlesinger v. Councilman*, 420 U.S. 738, 755 (1975). Thus, even to the extent it could be argued that the adequate-remedy-at-law doctrine had some bearing on a federal court's power to act prior to the merger of law and equity, the 1938 enactment of the Federal Rules of Civil Procedure in connection with that merger foreclosed any such conception. "Under the Rules there is only one action—a 'civil action'—

7

in which all claims may be joined and all remedies are available." *Ross v. Bernhard*, 396 U.S. 531, 539 (1970).

Indeed, the original version of Federal Rule of Civil Procedure 18(a) provided that a party asserting a claim or counterclaim "may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party." *Bruckman v. Hollzer*, 152 F.2d 730, 732 n.5 (9th Cir. 1946) (quoting Fed. R. Civ. P. 18(a)). It would be nonsensical to permit a plaintiff to join "alternate" legal and equitable claims if the existence of a potentially viable legal claim deprived the court of the power to act (as opposed to issue a remedy) in connection with the equitable claims. If equitable jurisdiction were truly jurisdictional as Ruiz seems to contend, whenever plaintiffs joined "alternate" legal and equitable claims, a court would be required to remand or dismiss the equitable claims, thereby undermining the rule.

The facts of *Cates* reflect its lack of "contemporary utility." *Schlesinger*, 420 U.S. at 755. In *Cates*, the Supreme Court held that a court of equity lacked jurisdiction to hear a fraudulent assignment or transfer claim against a debtor until the creditor established the debt in a court of law. 149 U.S. at 457. A creditor's obligation in 1893 to obtain

8

a judgment at law before pursuing fraud claims in equity has no application under the current federal judicial system. *Cates* also equated the court of equity's lack of jurisdiction in that scenario to a lack of "jurisdiction based upon the subject-matter of the litigation" and found that the action was thus "improperly removed" under the 1875 removal statute. *Id.* at 460. Yet Ruiz acknowledges that, as this Court has held, "[e]quitable jurisdiction is distinct from subject matter jurisdiction." AB-22 (quoting *Guzman*, 49 F.4th at 1314).

*Twist* similarly does not help Ruiz. There, the plaintiff's improper joinder of "an action at law with one in equity" resulted in a dispute regarding whether the case should have been decided as one at law or in equity and the resultant implications for appellate review. 274 U.S. at 686–89. The Supreme Court held that the Court of Appeals erred in limiting the scope of its review because "the proceeding was unmistakably a suit in equity." *Id.* at 691–92. In so holding, the Court discussed a district court's power to "transfer" a suit "improperly brought in equity . . . to the law side" "under the Act of March 3, 1915" and "equity rules 22 and 23," and stated that "[t]he practice is the same in suits removed from a state court, except that the suit is remanded to the state

9

court where the equitable relief sought, although beyond the equitable jurisdiction of the federal court, may be granted by the state court." *Id.* at 689–90.

Ruiz invokes this statement as authority for remand here. Yet the considerations at issue in *Twist*—which was decided under an entirely different set of rules and circumstances—are no longer relevant today. Moreover, the *Twist* court expressly sanctioned a defendant's right to "waive[]" the "objection of lack of equity jurisdiction," given that equitable jurisdiction "goes not to the power of the court as a federal court, but to the merits," holding that such waiver would place "the suit [in] a class within the jurisdiction-that is, the power-of a federal court sitting in equity." *Id.* at 691 (citations omitted). *Twist* therefore makes clear that equitable jurisdiction does not restrict a court's "power . . . as a federal court" and therefore does not support remand here.

The last of Ruiz's three cases, *Quackenbush*, is inapposite because it concerned the limits of *Burford* abstention, which applies only if the case "presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, or if its adjudication in a federal forum would be

10

disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." 517 U.S. at 726–27 (citations and internal quotation marks omitted). The district court's remand here does not fit in that category of abstention.

Finally, the district court's decision to remand was not akin to declining supplemental jurisdiction over state-law claims in a federal-question case, as Ruiz contends. *See* AB-25–26. Indeed, the concept of supplemental jurisdiction is entirely inapplicable here because the district court has original jurisdiction over this entire case under CAFA. Moreover, courts may only decline to exercise supplemental jurisdiction over state-law claims in federal-question cases for four statutorily enumerated reasons: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021) (citing 28 U.S.C. § 1367(c)). Ruiz does not explain how any of these circumstances apply. As to the first, the claims at issue here do not raise

11

novel or complex issues of state law; in fact, the Ninth Circuit sees these claims regularly. As to the second and third, it is undisputed that the federal court has original jurisdiction under CAFA. And there are no exceptional circumstances or compelling reasons to decline jurisdiction here.

Accordingly, Ruiz's Answering Brief only confirms that the district court lacked any support for its decision to remand.

## B. Expanding the Bases for Remand to Include Lack of Equitable Jurisdiction Turns the Doctrine on Its Head.

Even if the district court had the power to ignore binding precedent and recognize a new basis for remand in these circumstances, it should not have done so, as Ruiz's proposed conception of equitable jurisdiction runs contrary to the doctrine's controlling principles and would bring about an untenable expansion of the doctrine that would be rife for abuse.

First, Ruiz ignores controlling case law that makes clear the adequate-remedy-at-law doctrine concerns a plaintiff's ability to obtain equitable relief, not a federal court's power to act. Moreover, Ruiz cannot justify how his conception of equitable jurisdiction aligns with the fundamental reason the doctrine limits federal courts' authority to award equitable relief—*i.e.*, to protect the defendant's right to a jury trial.

Second, sanctioning remand simply because a plaintiff does not allege that it lacks an adequate remedy at law will have far-reaching undesirable consequences. As Ruiz argues, courts in the Ninth Circuit would be required, whenever they are presented with an equitable claim or remedy, to *sua sponte* (1) consider whether an adequate remedy at law exists, and (2) remand or dismiss if they are not convinced one is lacking. The Ninth Circuit would be the only Court of Appeals with this threshold requirement, and it would block innumerable class action defendants from accessing California federal courts despite Congress's express intention to expand such access.

i. **The adequate-remedy-at-law doctrine bears on both a federal court's authority to issue a remedy and a defendant's right to a jury trial, but not on a federal court's fundamental power to act.**

The Supreme Court has consistently explained that equitable jurisdiction of the type at issue in this case concerns a federal court's authority to issue a remedy. As the Court stated in *Avco Corp. v. Aero Lodge No. 735, International Association of Machinists & Aerospace Workers*, "[t]he nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy." 390 U.S. 557, 561 (1968). Thus, although a

13

federal court may "lack[] the general equity power to grant the particular relief," it does not lack jurisdiction over the case. *Id.*

Similarly, in *Di Giovanni v. Camden Fire Insurance Association*, the Court stated that "[w]hether a suitor is entitled to equitable relief in the federal courts, other jurisdictional requirements being satisfied, is strictly not a question of jurisdiction in the sense of the power of a federal court to act," but rather "is a question only of the merits," *i.e.*, "whether the case is one for the peculiar type of relief which a court of equity is competent to give." 296 U.S. 64, 69 (1935); *see also, e.g.*, *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 318–19 (1999) (explaining that "[t]he substantive prerequisites for obtaining an equitable remedy . . . depend on traditional principles of equity jurisdiction") (citation omitted). And, because "[a] plaintiff may have a cause of action even though he be entitled to no relief at all," the inability of federal court to award equitable relief cannot bear on its power to act. *Davis v. Passman*, 442 U.S. 228, 239 n.18 (1979).

The Ninth Circuit's articulation of the adequate-remedy-at-law doctrine aligns with that conception. As this Court held in *Agua Caliente Band of Cahuilla Indians v. Hardin*, "the adequacy of a remedy at law

14

bears on whether a court *ought* to act, not whether a court has the *power* to act." 223 F.3d 1041, 1050 n.11 (9th Cir. 2000). This Court's decision in *Barranco v. 3D Systems Corp.*, 952 F.3d 1122 (9th Cir. 2020), is also instructive. There, the Court held that the district court erred in "exercis[ing] its equitable jurisdiction" to award equitable relief under a theory of unjust enrichment on a legal claim for breach of contract where damages were potentially available. *Id.* at 1129–31. In so holding, the Court stated that "[t]he necessary prerequisite for a court to award equitable remedies"—not for a court to assert jurisdiction over the case— "is the absence of an adequate remedy at law." *Id.* at 1130 (citations and internal quotation marks omitted)[4]; *see also, e.g.*, *Sonner I*, 971 F.3d at 844 ("Sonner must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA.").

Given the clear articulation by both the Supreme Court and the

---

[4] Contrary to Ruiz's contention in his Notice of Supplemental Authority, Dkt. 28.1 at 2, *Barranco* does not preclude Bradford's waiver of its adequate-remedy-at-law defense; rather, in *Barranco*, the Court simply held that the parties' contractual language declaring money damages inadequate in the event of a breach did not in and of itself require the court to grant equitable relief.

15

Ninth Circuit that equitable jurisdiction of the type at issue here does not bear on a federal court's power to act, the district court unquestionably erred when it found it's supposed lack of equitable jurisdiction limited its ability to act in this case. Ruiz is wrong that Bradford conceded the validity of this finding or that Bradford "ma[de] no attempt to explain any different view of what federal equitable jurisdiction is." *See* AB-19. Because equitable jurisdiction is not truly "jurisdictional," it should come as no surprise that Ruiz has been unable to locate a single controlling case permitting remand where a plaintiff simply does not allege that it lacks an adequate remedy at law.

And remand makes particularly little sense in these circumstances because Ruiz is seeking the same relief through his "equitable" claims as he would seek through the legal claims he is intentionally foregoing— monetary damages for the alleged harm he suffered from Bradford's purported failure to comply with California's autorenewal statute. *See* Restatement (Third) of Restitution and Unjust Enrichment § 4 cmt. c (2011) ("[T]he question whether restitution is legal or equitable is essentially artificial."); *Sonner I*, 971 F.3d at 844 (noting that the plaintiff was seeking the "same amount of money for the exact same harm"

through an equitable claim under the UCL and a legal claim under the CLRA); *cf. Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 49 (1989) ("[A]ny distinction that might exist between 'damages' and monetary relief under a different label is purely semantic . . . .").

Plaintiff's conception of the adequate-remedy-at-law doctrine as a sword he can wield to avoid federal court is also inconsistent with the "fundamental purpose of restraining equity jurisdiction within narrow limits," which is to "prevent erosion of the role of the jury." *Younger v. Harris*, 401 U.S. 37, 44 (1971); *see also Sonner I*, 971 F.3d at 842 ("[T]he principle precluding courts from awarding equitable relief when an adequate legal remedy exists implicates the well-established federal policy of safeguarding the constitutional right to a trial by jury in federal court."); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509 n.15 (1959) ("[U]nless there is an issue of a right to jury trial or of other rights which depend on whether the cause is a 'legal' or 'equitable' one, the question of adequacy of legal remedies is purely academic and need not arise."); *Schoenthal v. Irving Tr. Co.*, 287 U.S. 92, 94 (1932) (adequate-remedy-at-law doctrine "serves to guard the right of trial by jury preserved by the Seventh Amendment").

17

In light of the protection the adequate-remedy-at-law doctrine is intended to provide defendants, courts have consistently stated that plaintiffs must seek a legal remedy if one exists. *See* OB-31–33; *Sonner I*, 971 F.3d at 842 ("[W]henever . . . a court of law is competent to render a judgment affording a plain, adequate, and complete remedy, the party aggrieved must seek his remedy in such court . . . because the defendant has a constitutional right to a trial by jury.") (quoting *Scott v. Neely*, 140 U.S. 106, 110 (1891)); *see also Morgan v. City & Town of Beloit*, 74 U.S. 613, 618 (1868) (noting that when the remedy at law is "as plain, adequate, and complete, and as practical and efficient to the ends of justice, and to its prompt administration, as the remedy in equity," "the party seeking redress must pursue it" because "[i]n such cases the adverse party has a constitutional right to a trial by jury") (citations and internal quotation marks omitted). Thus, Ruiz should not benefit from refusing to assert his allegedly adequate legal claims. Rather, the consequence should be his inability to obtain relief if Bradford elects to file a dispositive motion on that basis.

### ii. The consequences of recognizing remand here would be grave and far-reaching.

Prohibiting district courts from considering claims where the

plaintiff simply does not allege that it lacks an adequate remedy at law, even absent an objection from the defendant, would create an untenable situation that would be rife for abuse. District courts in the Ninth Circuit would be required to *sua sponte* dismiss or remand all equitable claims and relief pleaded by plaintiffs if it was not apparent from the pleadings that the plaintiff lacked an adequate remedy at law.[5] That would mean district courts would be unable to hear not only claims under the UCL and FAL, as here, but also claims for unjust enrichment and equitable subrogation, for example, and any requested injunctive and restitutionary relief.

Bradford is not aware of any other Courts of Appeals that require remand in these circumstances. And some have expressly rejected any such conception of equitable jurisdiction. *See Digit. Media Sols., LLC v. S. Univ. of Ohio, LLC*, 59 F.4th 772, 779 (6th Cir. 2023) (explaining that, "[g]iven the [Supreme] Court's recent caution about the mistaken use of the word 'jurisdiction' (which concerns a court's power to adjudicate a case), we doubt the Court would say 'equity jurisdiction' today," as "[t]he

---

[5] Indeed, Ruiz contends that "lack of equitable jurisdiction can be raised by any party or by the court *sua sponte*." AB-30.

phrase does not implicate the 'power of a federal court to act' but instead 'a question only of the merits' about whether a 'court of equity' may grant relief") (citations omitted); *Keene v. Hale-Halsell Co.*, 118 F.2d 332, 335 (5th Cir. 1940) (stating that existence of an adequate remedy at law would not be a basis for remand after the Federal Rules of Civil Procedure were enacted because, under the Rules, "all remedies, legal and equitable, are available").

Further, given that consumer plaintiffs in California putative class actions regularly bring only UCL and FAL claims, the Ninth Circuit (which is a hotbed of such class action litigation) would be denying defendants access to a federal forum in the very cases over which Congress explicitly granted federal courts original jurisdiction. "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class . . . actions into federal court" and "intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Ruiz's conception of equitable jurisdiction thwarts Congress's achievement of those goals.

Notably, if the alleged existence of an adequate remedy at law deprived a federal court of jurisdiction over all equitable claims and

remedies, this Court should have *sua sponte* considered its equitable jurisdiction in many cases in which it issued substantive rulings without doing so, including in cases decided since *Guzman*. *See, e.g.*, *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842 (9th Cir. 2024) (involving UCL and FAL as well as CLRA and common-law fraud claims); *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1140 n.4 (9th Cir. 2024) (involving UCL, FAL, and unjust enrichment as well as CLRA, common-law fraud, and product liability claims); *Calise v. Meta Platforms, Inc.*, 103 F.4th 732 (9th Cir. 2024) (involving UCL and unjust enrichment as well as negligence and breach of contract claims).

Requiring remand in these circumstances is inconsistent with the law in the Ninth Circuit as well as other Courts of Appeals and would gut CAFA in a wide swath of California consumer class actions. For these reasons, Bradford urges this Court to seize the opportunity to limit further misinterpretation of *Sonner* and *Guzman*.

## II.    This Court Should Recognize Bradford's Waiver of the Adequate-Remedy-at-Law Defense.

In its Opening Brief, Bradford argued that the district court erred in rejecting Bradford's proffer to waive its adequate-remedy-at-law defense to the extent the court believed it had authority to remand. OB-

36–42. In response, Ruiz argues that (1) "the boundaries of equitable jurisdiction represent a real restriction on the power of federal courts, separate and apart from any 'defense' that a party may assert"; and (2) "Bradford did not actually waive anything in this case." AB-29–34. Both arguments are unavailing.

As set forth in the Opening Brief, the Supreme Court, Ninth Circuit, and other Courts of Appeals have held that defendants can waive both objections to equitable jurisdiction as a general matter and the adequate-remedy-at-law defense more specifically. *See* OB-37–38 (collecting cases); *see also Digit. Media Sols.*, 59 F.4th at 779 (explaining that the Supreme Court has "reasoned that a party could waive the claim that a court lacked 'equity jurisdiction' (unlike the claim that it lacked subject-matter jurisdiction)"). This includes *Twist*, on which Ruiz relies. AB-25; 274 U.S. at 691 (noting that it is "possible" for a defendant to "waive[] the objection of lack of equity jurisdiction"). A defendant's ability to waive the objection to lack of equitable jurisdiction flows from the fact that equitable jurisdiction "goes not to the power of the court as a federal court, but to the merits," *i.e.*, the court's authority to issue the remedy the plaintiff seeks. *Twist*, 274 U.S. at 691 (citations omitted). *Pusey &*

22

*Jones Co. v. Hanssen*, 261 U.S. 491, 500 (1923), another case Bradford cited and Ruiz does not address, stands for the same proposition. *See* OB-37–38.

Ruiz's attempt to distinguish *American Mills Co. v. American Surety Co. of New York*, 260 U.S. 360 (1922), is unpersuasive. The Supreme Court there unambiguously held that "[a] defendant in a bill of equity may waive" the "defect" that the plaintiff has an adequate remedy at law. *Id.* at 363; *see also id.* at 366 (holding that defendant "waived its previous objection to the equitable jurisdiction" of the court). To the extent Ruiz seeks to rely on other cases decided under antiquated rules, including *Twist*, *Cates*, and *Allen v. Pullman's Palace-Car Co.*, 139 U.S. 658 (1891), he cannot challenge the applicability of *American Mills* on the ground that the Court was considering a procedural rule "which has long since been abrogated." AB-33.

Tellingly, Ruiz does not cite a single case holding that a defendant cannot waive its adequate-remedy-at-law defense. Instead, Ruiz contends that "lack of equitable jurisdiction is a restriction on the Court, not a personal privilege of a single party." AB-29 (capitalization omitted). But even if the adequate-remedy-at-law doctrine were considered a

"restriction on the Court" in some senses, that does not mean it cannot be waived.

Take, for example, personal jurisdiction. *See generally* OB-38–40. As the Supreme Court stated in *Ruhrgas AG v. Marathon Oil Co.*, personal jurisdiction, like subject-matter jurisdiction, "is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." 526 U.S. 574, 584 (1999) (citations and internal quotation marks omitted). Yet, although personal jurisdiction "represents a restriction on judicial power," a defendant "may forgo th[e] right" to insist that personal jurisdiction be observed, "effectively consenting to the court's exercise of adjudicatory authority." *Id.* (citations omitted). As the adequate-remedy-at-law waiver cases make clear, a defendant may likewise "forgo th[e] right" to challenge the equitable jurisdiction of the court.[6]

Ruiz's interpretation of *Connecticut General Life Insurance Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003), and *Ellipso, Inc. v. Mann*, 480 F.3d 1153, 1160 (D.C. Cir. 2007), as "stand[ing]

_____

[6] Consistent with the right to waive the adequate-remedy-at-law defense, a party may waive its right to a jury trial, a right which is otherwise "inviolate." *See* Fed. R. Civ. P. 38(a), (d).

only for the proposition that a litigant can waive the right to present an argument on appeal by failing to make it to the district court in the first instance," actually supports Bradford's position. AB-28. If Ruiz were correct that a federal court cannot "disregard[] the limited scope of its equitable jurisdiction," AB-30, those courts would have been required to consider the objection to the district court's equitable jurisdiction even though the defendants did not raise the argument in the district court (as is the case with subject-matter jurisdiction). Equitable jurisdiction, thus, cannot be a limit on the scope of a federal court's power.

*Allen* and the district court cases Ruiz cited similarly make clear that equitable jurisdiction is not a true restriction on a federal court's power. AB-30–31. Although the Supreme Court suggested in *Allen* that a court can *sua sponte* raise the absence of equitable jurisdiction, subsequent Supreme Court authority clarified that courts are not required to do so. *See S. Pac. R.R. Co. v. United States*, 200 U.S. 341, 349 (1906) (holding that a "court is not necessarily obliged to entertain" an "objection that the plaintiff has an adequate remedy at law"); *Tyler v. Savage*, 143 U.S. 79, 97 (1892) (noting that courts can exercise discretion in considering objections that plaintiffs have adequate remedies at law).

Ruiz is, thus, incorrect that any authority "require[s] that [his] claims be adjudicated in state court." AB-33. Accordingly, the district court erred in rejecting Bradford's proffer of waiver on the basis that Bradford's equitable claims "cannot be adjudicated in federal court." ER-12 n.2.

Finally, Ruiz's argument that "Bradford did not actually waive anything in this case" should be rejected. AB-33–34. In its opposition to the motion to remand, Bradford argued that if the district court concluded that it had the authority to remand (which Bradford disputed), "Bradford would grudgingly waive its adequate-remedy-at law defense" and should be given "a fair opportunity to do so." ER-59–60. In other words, Bradford did not affirmatively waive its defense because, in its view, Ruiz's motion to remand was meritless, and denial of a meritless motion should not be conditioned on waiver of a defense.

In its remand order, the district court held that Bradford's "conten[tion] that if the Court concludes that it has the authority to remand the case, it should be allowed to waive its adequate-remedy-at-law defense," was "unavailing in light of *Guzman*, which held that the district court erred in granting summary judgment when it lacked equitable jurisdiction." ER-12 n.2. The court concluded, "[b]ecause

Plaintiff's equitable claims cannot be adjudicated in federal court, remand should follow." *Id.*

It is apparent from this holding that the district court understood that Bradford was requesting to waive the adequate-remedy-at-law defense if the court was otherwise inclined to remand the case. And the district court denied Bradford that opportunity. Because the district court based that denial on its erroneous belief that Ruiz's "equitable claims cannot be adjudicated in federal court," this Court should find that the district court abused its discretion in refusing to allow Bradford to waive its adequate-remedy-at-law defense. *Id.* That Bradford's waiver was conditioned on the district court finding that it had the power to remand in the first place should not change that conclusion.

## CONCLUSION

The district court's remand order should be reversed and vacated.

Dated:  November 26, 2024     Respectfully submitted:

JENNER & BLOCK LLP


*/s/ Kate T. Spelman*
Kate T. Spelman
KSpelman@jenner.com
Madeline P. Skitzki
MSkitzki@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:+1 213 239 5100
Facsimile: +1 213 239 5199

Adam G. Unikowsky
AUnikowsky@jenner.com
Jonathan J. Marshall
JMarshall@jenner.com
1099 New York Ave., NW, Suite 900
Washington, DC  20001
Telephone: +1 202 639 6000
Facsimile: +1 202 639 6066

*Counsel for Defendant-Appellant*
*The Bradford Exchange, Ltd.*

## CERTIFICATE OF COMPLIANCE

**9th Cir. Case Number(s)**  24-3378

I am the attorney or self-represented party.

**This brief contains 5,658 words,** excluding the items exempted by Fed. R. App. P. 32(f).  The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[**X**] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    [ ] it is a joint brief submitted by separately represented parties.

    [ ] a party or parties are filing a single brief in response to multiple briefs.

    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**  */s/ Kate T. Spelman*          **Date**  November 26, 2024

29

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS e-filing system on November 26, 2024.  I certify that all participants in the case are registered ACMS users and that service will be accomplished by the ACMS e-filing system.

Dated:  November 26, 2024              */s/ Kate T. Spelman*
                                       Kate T. Spelman

                                       *Counsel for Defendant-Appellant*
                                         *The Bradford Exchange, Ltd.*

30