No. 24-3378

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Jose Ruiz, individually and on behalf of all others similarly situated,

Plaintiff-Appellee,

v.

The Bradford Exchange, LTD.,

Defendant-Appellant.

## BRIEF OF *AMICI CURIAE* IN SUPPORT OF PETITION FOR REHEARING OR REHEARING EN BANC

Thomas D. Warren
**Warren Terzian LLP**
222 N. Pacific Coast Hwy, Suite 2000
Los Angeles, CA 90245
(216) 304-4970
tom.warren@warrenterzian.com

*Counsel for Amici Curiae*
*Brenda Young and Joseph Silva*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ iii

STATEMENT OF AMICI CURIAE ...................................................................1

ARGUMENT.....................................................................................................1

    A.   When the lack of equity jurisdiction is plain, a district court has a duty not to hear the case, even if it must raise the issue *sua sponte*. ......................1

    B.   The cases the panel cites in support of "waiver" actually involve forfeiture, which is manifestly different. ..................................................... 2

    C.   When the lack of equity jurisdiction is plain, a defendant cannot unilaterally waive it. ...............................................................................3

    D.   The lack of equity jurisdiction is plain in this case. ................................... 4

    E.   Allowing a defendant to waive the lack of equity jurisdiction will wrongly wrest from courts the authority to make decisions regarding comity.............5

    F.   Allowing defendants to unilaterally waive the lack of equity jurisdiction may have other unintended consequences. ................................................. 8

    G.   Any expansion of federal equity jurisdiction must come from Congress. .... 9

CONCLUSION..................................................................................................10

CERTIFICATE OF COMPLIANCE .................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allen v. Pullman's Palace-Car Co,*
  139 U.S. 658 (1891) ............................................................................... 4

*Atlas Life Insurance Co. v. W. I. S., Inc.,*
  306 U.S. 563 (1939) .......................................................................... 5, 6, 8

*Canada Life Assur. Co. v. LaPeter,*
  563 F.3d 837 (9th Cir. 2009) ................................................................. 9

*Carnegie-Mellon Univ. v. Cohill,*
  484 U.S. 343 (1988) ................................................................................. 8

*Cates v. Allen,*
  149 U.S. 451 (1893) .................................................................................5

*Cetacean Cmty. v. Bush,*
  386 F.3d 1169 (9th Cir. 2004).................................................................. 6

*Davidson v. Kimberly-Clark Corp.,*
  889 F.3d 956 (9th Cir. 2018) .................................................................6, 8

*Guar. Tr. Co. of N.Y. v. York,*
  326 U.S. 99 (1945)................................................................................... 2

*Guaranty Trust Co. v. York,*
  326 U.S. 99 (1945)................................................................................ 1, 2

*Guzman v. Polaris Indus.,*
  49 F.4th 1308 (9th Cir. 2022)...................................................................7

*In re Apple Processor Litig.,*
  No. 22-16164, 2023 WL 5950622 (9th Cir. Sept. 13, 2023)...................5

*In re Reisenberg*,
    208 U.S. 90 (1908) ............................................................................... 2

*Key v. Qualcomm Inc.*,
    129 F.4th 1129 (9th Cir. 2025) ........................................................... 4

*Lewis v. Cocks*,
    90 U.S. 466 (1874) .............................................................................. 2

*Matthews v. Rodgers*,
    284 U.S. 521 (1932) ........................................................................2, 4

*McGill v. Citibank, N.A.*,
    2 Cal. 5th 945 (2017) .........................................................................7

*Reynes v. Dumont*,
    130 U.S. 354 (1889) ...........................................................................3

*Rosewell v. LaSalle Nat. Bank*,
    450 U.S. 503 (1981) .........................................................................10

*Ruiz v. Bradford Exch., Ltd.*,
    No. 24-3378, 2025 WL 2473007 (9th Cir. Aug. 28, 2025) ...........2, 3, 4

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ............................................................. 4

*Trump v. CASA, Inc.*,
    606 U.S. 831 (2025) ........................................................................... 9

*Twist v. Prairie Oil & Gas Co.*,
    274 U.S. 684 (1927).......................................................................... 2

*United States v. Perez*,
    116 F.3d 840 (9th Cir. 1997) .............................................................3

*Wylie v. Coxe*,
    56 U.S. 415 (1853) ........................................................................4, 5

*Yuba Consol. Gold Fields v. Kilkeary*,
   206 F.2d 884 (9th Cir. 1953) ................................................................. 9

## STATUTES

28 U.S.C. § 1332 ....................................................................................10

28 U.S.C. § 1341 ................................................................................ 9, 10

Cal. Bus. & Prof. Code § 17200 ..............................................................7

Cal. Bus. & Prof. Code § 17500 ..............................................................7

Judiciary Act of 1789, ch. 20, 1 Stat. 73 ......................................... 1, 5, 9

## STATEMENT OF AMICI CURIAE

*Amici curiae* Brenda Young and Joseph Silva are appellees in cases before the Court that are potentially implicated by the panel's holding that a defendant may unilaterally waive the lack of equity jurisdiction. *See Young v. Renewal by Andersen LLC*, No. 24-6095; *Silva v. CreditNinja Lending, LLC,* No. 25-2165.

Both parties have consented to the filing of this brief. Neither party's counsel authored this brief, in whole or in part, and no one contributed money that was intended to fund preparing or submitting the brief.

## ARGUMENT

The panel's holding that a defendant may unilaterally waive the lack of equity jurisdiction cannot be reconciled with the historical limits on equity jurisdiction established by Congress. The decision should be reheard.

### A. When the lack of equity jurisdiction is plain, a district court has a duty not to hear the case, even if it must raise the issue sua sponte.

The Judiciary Act of 1789 provides the statutory basis for a federal court's authority to issue equitable remedies. "[T]he federal courts [have] no power that they would not have had in any event when courts were given 'cognizance,' by the first Judiciary Act, of suits 'in equity'." *Guaranty Trust Co. v. York*, 326 U.S. 99, 105 (1945). And for a federal court to have equity jurisdiction, an adequate remedy at law must be lacking. "Equitable relief in a federal court is, of course, subject to

1

restrictions: the suit must be within the traditional scope of equity as historically evolved in the English Court of Chancery; a plain, adequate and complete remedy at law must be wanting[.]" *Id.* (internal citations omitted).

If a case plainly lacks equity jurisdiction, a federal court has an obligation not to hear it. *See, e.g., Matthews v. Rodgers*, 284 U.S. 521, 524 (1932) ("The want of equity jurisdiction, if obvious, may and should be objected to by the court of its own motion."); *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 690 (1927) ("Either the trial court or the appellate may, of its own motion, take the objection that the case is not within the equity jurisdiction."); *Lewis v. Cocks*, 90 U.S. 466, 470 (1874) (if adequate remedy at law "clearly exists it is the duty of the court *sua sponte* to recognize it and give it effect").

### B. The cases the panel cites in support of "waiver" actually involve forfeiture, which is manifestly different.

To be sure, there are Supreme Court cases holding that a defendant may "waive" its ability to challenge the lack of equity jurisdiction, including those cited by the panel. But these "waiver" cases actually involve forfeiture, not waiver—a distinction often elided in early cases—as the defendants were held to have lost the right to object to the lack of equity jurisdiction by failing to object in a timely fashion to the court's jurisdiction, typically challenging the lack of equity jurisdiction for the first time on appeal after losing below. *See, e.g., In re Reisenberg*,

2

208 U.S. 90, 111 (1908) (defendant who consented to appointment of receivers could not challenge lack of equity jurisdiction on appeal); *Reynes v. Dumont*, 130 U.S. 354, 395 (1889) (defendant who submitted to equity jurisdiction of the court could not challenge lack of equity jurisdiction for first time on appeal); *see generally United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) ("Forfeiture is the failure to make the timely assertion of a right, whereas waiver is the intentional relinquishment or abandonment of a known right.") (citations omitted).

The principle that a defendant may forfeit its right to challenge the lack of equity jurisdiction—an effort, albeit untimely, to *enforce* the historical limits on the equity jurisdiction of the federal courts—is qualitatively different from holding, as the panel did, that a defendant has the ability to unilaterally *reject*, at the outset of a case, those same historical limits. The panel's decision effectively allows defendants to manufacture equity jurisdiction *a priori* when it plainly does not exist.

## C.    When the lack of equity jurisdiction is plain, a defendant cannot unilaterally waive it.

In an effort to reconcile a court's duty to *sua sponte* raise the plain lack of equity jurisdiction with its holding on waiver, the panel held that a defendant's right to waive trumps a court's duty to enforce the lack of equity jurisdiction. In the words of the panel, "it does not follow from the fact that a court can raise an issue *sua sponte* that the issue is not waivable." Slip Op. at 21, 2025 WL 2473007, *9.

3

But the panel has it backwards. The Supreme Court has made clear that "waiver" may occur only if the lack of equity jurisdiction is not plain. "The want of jurisdiction, if relied on by the defendants, should have been alleged by plea or answer. It is too late to raise such an objection on the hearing in the appellate court, *unless the want of jurisdiction is apparent on the face of the bill*." *Wylie v. Coxe*, 56 U.S. 415, 420 (1853) (emphasis added); *see also Matthews*, 284 U.S. at 524–25 ("The want of equity jurisdiction, if obvious, may and should be objected to by the court of its own motion. *In other cases*, this jurisdictional requirement, unlike the others mentioned, may be treated as waived if the objection is not presented by the defendant in limine.") (emphasis added); *Allen v. Pullman's Palace-Car Co.*, 139 U.S. 658, 662 (1891) (where lack of equity jurisdiction was plain, Supreme Court reversed grant of injunction, despite the fact that issue was "urged apparently for the first time in this court"; "it would be the duty of the court to recognize the fact and give it effect, though not raised by the pleadings nor suggested by counsel").

### D. The lack of equity jurisdiction is plain in this case.

As the panel acknowledged, the absence of equity jurisdiction here is plain, as Ruiz never alleged the lack of an adequate remedy at law. *See* Slip Op. at 7–8, 2025 WL 2473007, *5 (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844–45 (9th Cir. 2020)); *see also Key v. Qualcomm Inc.*, 129 F.4th 1129, 1142 (9th Cir.

2025) (no equitable jurisdiction when "Plaintiffs' complaint does not allege that they lack an adequate legal remedy") (cleaned up); *In re Apple Processor Litig.*, No. 22-16164, 2023 WL 5950622, *2 (9th Cir. Sept. 13, 2023) ("Plaintiffs were obligated to allege that they had no adequate legal remedy in order to state a claim for equitable relief[.]").

As such, in the words of the Supreme Court in *Wylie*, the want of equity jurisdiction here "is apparent on the face of the bill." 56 U.S. at 420. So even if a defendant may forfeit an untimely objection to the lack of equity jurisdiction when its absence is unclear, Bradford has no right to waive here, where the lack of equity jurisdiction is plain. To the contrary, the district court was duty-bound not to hear the case. *See Cates v. Allen*, 149 U.S. 451, 460 (1893) (when removed case plainly lacks equity jurisdiction, "it [is] the *duty* of the circuit court, upon ascertaining that it was improperly removed, to remand the case") (emphasis added). The same is true of *amici curiae*, who did not allege the lack of an adequate remedy at law either.

### E. Allowing a defendant to waive the lack of equity jurisdiction will wrongly wrest from courts the authority to make decisions regarding comity.

There is another reason why the panel's decision cannot be reconciled with Supreme Court jurisprudence. In *Atlas Life Insurance Co. v. W. I. S., Inc.*, the Supreme Court held that a district court has the obligation to *sua sponte* raise the lack of equity jurisdiction not only when it is plain, but also "when the exercise of

the equity powers of the federal court affects the relationship of the federal to the state courts." 306 U.S. 563, 568 n.1 (1939). In so holding, the Supreme Court noted that the adequate-remedy-at-law requirement set forth in the Judiciary Act of 1789 "serves by emphasis of the rule to protect the states from the encroachments which would result from the exercise of equity powers by federal courts failing to observe it." *Id.* at 569.

That concern—one of comity—is a structural one that cannot be negated by a defendant's waiver of the lack of equity jurisdiction. Yet under the panel's holding, even if a district court finds that comity concerns necessitate declining to hear a case that lacks equity jurisdiction, a defendant can nevertheless force the district court to hear the matter.

This issue is directly implicated in the appeals involving *amici curiae*. Unlike here, the *amici curiae* complaints—like this case, brought in state court and then removed—seek not only restitution but also public injunctive relief. And as they seek public injunctive relief based on prior injuries, and have no threat of imminent or actual harm, they lack Article III standing to assert those claims (and federal courts lack subject matter jurisdiction as a result). *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969–70 (9th Cir. 2018) (no Article III standing to seek injunction based solely on prior harm); *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174

(9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction.").

As a result, the claims for public injunctive relief must proceed in state court, which allows claims for public injunctive relief based on a prior injury. *See McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 955 (2017) (public injunctive relief available in state court even when it "will not benefit the plaintiff directly, because the plaintiff has already been injured, allegedly, by such practices and is aware of them") (cleaned up). And those claims *must* be allowed to proceed, because "where federal law bars us from considering the merits of state-law claims, we also *lack authority to prevent state courts from doing so.*" *Guzman v. Polaris Indus.*, 49 F.4th 1308, 1315 (9th Cir. 2022) (emphasis added).

As such, even if the defendants had the ability to waive the lack of equitable jurisdiction so restitution claims could proceed in federal court, the public injunctive relief claims would still have to be heard in state court. So allowing the defendants to waive the lack of equitable jurisdiction would result in UCL and FAL claims being split, with the claims for restitution in federal court and the claims for public injunctive relief in state court.

Such a result is precisely the sort of situation in which "the exercise of the equity powers of the federal court affects the relationship of the federal to the state courts," *Atlas Life*, 306 U.S. at 568 n.1, and one that flies directly in the face of the principles of "economy, convenience, fairness, and comity" that underlie a district court's inherent authority to remand. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Accordingly, under *Atlas Life*, a district court should be able to determine whether, in the interests of comity, the entire case should be remanded so that both claims can be heard together. Yet according to the panel, whether a district court has such authority is controlled by the defendant.

Wresting from federal courts the ability to make decisions regarding comity and vesting it instead in defendants cannot be the law. *See Davidson*, 883 F.3d at 970 ("Allowing a defendant to undermine California's consumer protection statutes" by "removing a case from state court is an unnecessary affront to federal and state comity and an unwarranted federal intrusion into California's interests and laws.").

### F. Allowing defendants to unilaterally waive the lack of equity jurisdiction may have other unintended consequences.

If the panel decision is not reheard, and the bounds of federal equity jurisdiction no longer hinge on its historical limits but instead on the whims of

8

defendants, the implications could be profound. Would, for instance, a district court have the authority to issue a nationwide injunction even if it lacked equity jurisdiction to do so if a defendant "allowed" it, despite the Supreme Court's recent decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025)? Could a district court enjoin the assessment of a state or local tax, despite the existence of a "plain, speedy and efficient" state-court remedy, if a defendant waived the limits on equity jurisdiction set forth in 28 U.S.C. § 1341? Would a district court's discretion to appoint a federal equity receiver be unreviewable on appeal if the defendant waived the lack of equity jurisdiction? *See Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009). Questions abound.

### G.     Any expansion of federal equity jurisdiction must come from Congress.

In the end, any expansion of the equity jurisdiction of the federal courts must come from Congress. The Judiciary Act of 1789 "endowed federal courts with jurisdiction over 'all suits . . . in equity,' § 11, 1 Stat. 78, and still today, this statute is what authorizes the federal courts to issue equitable remedies." *CASA*, 606 U.S. at 840 (citation omitted). Because the scope of equity jurisdiction is statutorily derived, it is within Congress's purview to modify it. *See Yuba Consol. Gold Fields v. Kilkeary*, 206 F.2d 884, 887 (9th Cir. 1953) ("The suits in equity of which federal courts may exercise jurisdiction constitute that body of remedies, procedures, and

practices which had been evolved in the English Court of Chancery prior to the adoption of the First Judiciary Act, *except as modified by Congress.*") (emphasis added).

If, when enacting the Class Action Fairness Act (CAFA), Congress had desired for class actions lacking equitable jurisdiction to be heard in federal court, it could have exercised its authority to abrogate the adequate-remedy-at-law requirement in putative class actions that otherwise meet CAFA's jurisdictional requirements, much as it expanded the scope of diversity jurisdiction through CAFA's enactment. There is historical precedent for doing so. *See Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 526 (1981) (in passing the Tax Injunction Act of 1937, Congress "legislated to solve an existing problem by *cutting back* federal equity jurisdiction") (emphasis in original). But Congress did not do so here.

## CONCLUSION

The panel's decision should be reheard by the panel or the Court en banc.

Date: September 17, 2025

/s/ *Thomas D. Warren*
Thomas D. Warren
**WARREN TERZIAN LLP**
222 N. Pacific Coast Hwy, Suite 2000
Los Angeles, CA 90245
(216) 304-4970
tom.warren@warrenterzian.com

*Counsel for Amici Curiae*
*Brenda Young and Joseph Silva*

10

## CERTIFICATE OF COMPLIANCE

I represent *amici curiae* Brenda Young and Joseph Silva. This brief contains 2,394 words, excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief complies with the word limit of Cir. R. 29-2(c)(2).

Date: September 17, 2025          */s/ Thomas D. Warren*

                                Thomas D. Warren